## DRENNEN ADX. VS. ROSS ET AL.

A deed of gift of lands by a mother to her son, but reserving to herself the privilege of living on the land and cultivating so much thereof as she shall think proper during her natural life, for the use and benefit of her own family, vests in the son the legal estate in the land, in the absence of fraud or proof that the mother was insolvent or indebted at the time; and there is no estate in the mother, under the reservation in the deed, subject to execution and sale for her subsequent debts.

### *Writ of Error to Crawford Circuit Court.*

Hon. FELIX I. BATSON, Circuit Judge.

FOWLER & STILLWELL, for the plaintiff.
Under the facts Rachel Ross could not defend against the

title of Drennen, or set up title in a third person. 3 *Wash. C. C. Rep.* 547; 3 *Caines' Cas.* 188; 10 *J. R.* 222.

The life estate reserved was subject to sale, and the rights of her creditors could not be defeated by the introduction of Benoni. He was a mere tenant of hers.

WALKER & GREEN, for the defendants,

Contended that the legal estate in the land is in Benoni Ross, there being no proof that the deed of gift to him from Rachel Ross was fraudulent as to creditors (*Smith vs. Yell*, 3 *Eng.* 370; 8 *Wheat S. C. Rep.* 229; 8 *B. Mon.* 47): and that the plaintiff's action was barred by the Act of 4th January, 1851.

Mr. Justice FAIRCHILD delivered the opinion of the Court.

On the 14th of July, 1843, Rachel Ross, in consideration of natural love and affection, conveyed the west half of the north-west quarter of section thirty-five, and the east half of the north-east quarter of section thirty-four, in township ten north, of range thirty-one west, in Crawford county, to her son Benoni Ross, then thirteen years old, which deed was acknowledged and recorded on the 25th of the same month. There is no proof that Mrs. Ross was insolvent, or indebted at the time she made the deed of gift.

On the 15th of July, 1844, Jesse Turner & George W. Paschal, as administrators of David Thompson, for the use and benefit of John Drennen, obtained judgment against Mrs. Ross, on which judgment an execution was issued and levied upon the lands mentioned, as the lands of Rachel Ross, and the lands were sold to John Drennen under the execution, who obtained a sheriff's deed for them on the 23d of August, 1847.

John Drennen having died, his administratrix, the plaintiff in error, brought an action of ejectment for the lands against Rachel Ross, in the Circuit Court of Crawford county.

On the application of Rachel Ross and of Benoni Ross, the latter was made a co-defendant to the suit; a trial was had by

the court sitting as a jury; the finding and judgment were for the defendants, and the plaintiff below is now the plaintiff in error.

Rachel Ross was in possession of the lands when judgment was rendered against her, and continued so till the beginning of this suit, upon the 25th of March, 1857. She had the management of the lands and paid the taxes on them till and including 1854, when Benoni Ross assumed the control of the lands, and had since that time paid their taxes.

From and before the time of the deed of gift to him, Benoni Ross had lived upon the lands with his mother, and had cultivated them since he was twenty years old.

Upon these facts and upon a reservation contained in the deed of gift, was the finding of the court had, and its judgment rendered: when the plaintiff below moved for a new trial because the finding and judgment of the court were against law and evidence, which motion was overruled.

No fraud being imputable to Rachel Ross in this proceeding, and on the facts set forth, by her deed of gift to Benoni Ross she had parted with her interest in the lands in suit, and had nothing to be bound by the judgment, nothing to be seized and sold under the execution, unless from the clause in the deed, which is relied on by the plaintiff in error, as reserving to her a life interest or estate in the lands. That clause reads thus— " Reserving to myself the privilege of living as I now do, on the said premises, and cultivating and using so much thereof as I shall think proper and right during my natural life, for the use and benefit of my own family."

No estate was reserved by the above clause to Mrs. Ross. The terms are too indefinite to mark the boundaries of any right to which she could be held, as one year she might wish to use one acre, and another year one hundred acres of the land, according as the benefit of her family would seem to be promoted.

The privilege of cultivating any of the lands, or assuming control over them, was personal to her, and she might any time

have done what she did after 1854—leave the control of the whole to her son: it was not an interest that was transferable by herself, and if not to be alienated by her, the law could not sell it from her; and her interest, such as it was, was not reserved for herself, for her own individual use and gratification, but for the benefit of her family.

If Drennen, by his deed, had acquired any legal title, it was only to hold so much of the land as Mrs. Ross would or could have had, and for the benefit of her family, as she alone was authorized to hold it. That interest is too uncertain to be carved out of the lands, is not of a kind subject to voluntary or compulsory sale, would have ceased the moment the plaintiff in error had put in force a judgment which she might have obtained in this suit.

An examination of the technical rules of the effect of reserving clauses in deeds conveying away the entire estate in lands, would have induced further reasons against the validity of the clause to reserve an estate in Mrs. Ross, but not being able in the most inartificial and general meaning of the terms to sustain the position that Mrs. Ross had any estate in the lands vendible under execution, no reference has been made to those rules.

The judgment of the Circuit Court of Crawford county is affirmed, because the lands in question were the property of Benoni Ross; hence the points made as between Drennen and Rachel Ross, and the statutes of limitations relied on by both defendants have not been noticed.