## WILLIS *v.* STATE.

### Opinion delivered December 2, 1899.

1. EVIDENCE—DECLARATIONS OF CONSPIRATOR.—The declarations of a conspirator, made after the conspiracy has ended, are inadmissible against his co-conspirators. (Page 235.)

2. INCOMPETENT EVIDENCE—EFFECT OF EXCLUSION.—Where two defendants were jointly tried for the same crime, and the court erroneously admitted against one defendant incompetent testimony tending to implicate both, but excluded it as to the other, and directed the jury not to consider it as affecting him, the conviction of the latter will not be set aside, if he did not ask for a severance in the trial. (Page .235)

Appeal from Scott Circuit Court.

STYLES T. ROWE, Judge.

*Jeff Davis, Attorney General,* and *Chas. Jacobson,* for appellees.

The parties being co-conspirators, the statements complained of were admissible against all the defendants. 92 N. Car. 732, 737, 747; Und. Cr. Ev. § 491; 12 Tex. App. 65; 45 Fed. 872; 32 Ark. 220; 2 McClain, Cr. Law, § 998. At least as against Lingo, the testimony was not prejudicial, as the court told the jury not to consider this evidence against him. 66 Ark. 16.

WOOD, J. This is an appeal from a conviction of robbery and burglary. The appellants were jointly indicted and jointly tried. No objection was urged to the indictment or the procedure. There was evidence to justify a verdict of guilty for both offenses against each of appellants. The fourth ground of the motion for new trial is as follows: "Because the court erred in permitting the witness Mobly to testify to conversation had with Tom Fuqua in the absence of the defendants, or either of them." Mobly testified as follows: "During the day of June 12, 1899, I saw Tom Fuqua, my brother-in-law, and Henry Willis at several different times in private conversation, and

when I would happen to go near where they were talking they would drop the conversation. Fuqua came to my house an hour before dusk, and changed some of his clothing. He remarked that he was going to have some money before morning, and I said, "Why, what is the matter?" and he said, "We are going to have some fun tonight." About dusk that evening Fuqua and Willis came to my house horseback. Tom took off his collar and tie, threw them in the yard, and told my wife to get them. Fuqua came to my house the next morning, and says, "We made a pretty good haul last night," and took a $10 bill out of his pocket and showed it to me. The next morning following this Fuqua told me that he must leave; that they had Willis under arrest, and would have him next. He left. At the examining trial, Willis said to me, 'Do you know where Tom Fuqua is?' and I said, 'No.' Willis said, 'If you do, for God's sake do not give him away.' My conversations with Fuqua were in the absence of both Lingo and Willis, except when Willis and Fuqua came to my house about sundown." All this evidence of what Fuqua said after the alleged offenses had been committed and the conspiracy had ended was improper, and should have been excluded as to Willis as well as Lingo. The acts and declarations of any conspirator in furtherance of the common enterprise are admissible against any or all the others, but such acts or declarations must be done or said while the conspiracy is in progress, not before it has begun or after it has ended. 1 Greenl. Ev. § 184a; Bradner, Ev. 514; 1 Taylor, § 527; *Gill* v. *State*, 59 Ark. 422, and authorities cited. The court excluded it as to Lingo, and, inasmuch as he did not ask for a severance in the trial, he cannot complain. We must assume that the jury obeyed the directions of the court not to consider the testimony as affecting him. The error was prejudicial to Willis, and entitled him to a new trial.

We find no other reversible error in the record. The judgment of the circuit court is therefore affirmed as to Lingo, and as to Willis it is reversed and remanded for a new trial.