HARDIN v. HANCOCK.

Opinion delivered November 28, 1910.

HOMESTEAD—SELECTION BY COURT.—In a suit to set aside a fraudulent conveyance by a deceased debtor to his wife of land situated in a town,

which included his unselected homestead, it was not error to set apart one acre of the land, containing his dwelling house and out-houses, as a homestead for his minor children, and subject the remainder to the claims of his creditors.

Appeal from Clay Chancery Court, Eastern District; *Edward D. Robertson,* Chancellor; affirmed.

*J. D. Block* and *R. H. Dudley,* for appellant.

If the conveyance of the land from R. L. Hancock to his wife was void for fraud, it avoided the whole conveyance. At the death of both R. L. Hancock and his wife without issue, the land lost the character of a homestead, and the court erred in setting off as a homestead the one acre tract at the suit of collateral heirs. 70 Ark. 69; 21 Cyc. 624; *Id.* 458; 47 Ark. 403; 55 Ark. 139; Wait on Fraud. Conv. 166; 3 Wyo. 639; 29 Pac. 270; 33 Ark. 454; Waples, Homestead & Ex., 683; 34 Ark. 112; art. 9, § § 3-5, Const.; Kirby's Digest, § 3900; 31 Ark. 466; 18 Fla. 823; 29 Ark. 412; 48 Ark. 230; 81 U. S. 849.

*Lafayette Hunter,* for appellee.

There can be no conveyance of a homestead in fraud of creditors. It is exempt, whether specifically claimed as such or not. At D. J. Hancock's death the title to the homestead vested in her heirs. 45 Ark. 385; 75 Ark. 205; *Id.* 591, and cases cited; 79 Ark. 215; 56 Ark. 156.

KIRBY, J. This suit was brought by J. H. Hardin on January 11, 1906, who had recovered a judgment against R. L. Hancock in October, 1905, which was unpaid, to set aside a conveyance made by R. L. Hancock to his wife, D. J. Hancock, on August 2, 1902, as in fraud of creditors. Among the lands conveyed was a tract of two or three acres in the town of Piggott, upon which said Hancock had fixed his residence and home and long resided with his wife. D. J. Hancock having died, the suit was brought against her collateral heirs, who answered after R. L. Hancock's death, denying that the conveyance was in fraud of creditors, and alleged that it was for land upon which said R. L. Hancock had established his home, and was exempt from the payment of any debt he owed. A decree was rendered setting aside the conveyance, as in fraud of creditors, of the land claimed as a homestead, except one acre of the

same upon which is located the dwelling house, barn and out-houses, and setting off said homestead to said heirs, and the remainder of the tract was ordered sold for payment of plaintiff's judgment, and from this judgment plaintiff appealed. No question is raised as to finality of the judgment.

It is contended that the court erred in declaring one acre of said tract of land the homestead of R. L. Hancock and exempt from the claims of his creditors, and setting it off to the collateral heirs of D. J. Hancock, his grantee, after adjudging the conveyance void as in fraud of creditors, except as to one acre, when neither said R. L. Hancock nor D. J. Hancock had ever formally selected said one acre as a homestead during life.

It is conceded that R. L. Hancock and D. J. Hancock, his wife, occupied the residence on this three-acre tract of land in the town of Piggott as a homestead before any judgment was obtained against R. L. Hancock, and at the time of the conveyance to D. J. Hancock, and both of them died there without any necessity having arisen for the selection of a particular acre of land. Under our Constitution and decisions, as creditors have no lien upon a homestead by reason of their judgments, nor right to it for the satisfaction of their debts, they are not concerned in its transfer. A debtor can make a voluntary conveyance of it, convey it with bad motives in regard to them, or make any other disposition of it, and they have no standing to attack it as fraudulent. As to the homestead, there are no creditors.

"The homestead in any city, town or village, owned and occupied as a residence, shall consist of not exceeding one acre of land with the improvements thereon, to be selected by the owner," etc. Art. 9, § 5, Constitution, 1874.

The Constitution limits the homestead in a town to one acre, if it does not exceed in value $2,500, as in this case; and further, to that particular acre "occupied as a residence," "with the improvements thereon," and the law does not permit it to be laid off in an arbitrary, capricious and unreasonable shape, to the injury of creditors having an interest in the remainder of the tract, thus nearly fixing the segregation of it.

Since the plaintiff had no right to have that portion of his debtor's land that was impressed with the homestead and occu-

pied as such, to the extent of one acre, subjected to the payment of his debt, nor any interest in nor claim upon it, but only to the land in excess of the one acre allowed as a homestead, it can make no difference to him by whom the exact boundaries, are defined, so it be done in accordance with the law; and the court committed no error in having it set off to the heirs who inherited it from D. J. Hancock, grantee of R. L. Hancock.

Decree is affirmed.