## COUNTS *v.* STATE.

### Opinion delivered October 25, 1915.

CRIMINAL LAW—EVIDENCE—TESTIMONY OF CO-CONSPIRATOR AFTER THE ACT.
—When a criminal deed is done and the criminal enterprise of two conspirators is ended, the acts or declarations of one conspirator are thereafter inadmissible against his co-conspirator.

Appeal from Hot Spring Circuit Court; *W. H. Evans,* Judge; reversed.

*H. B. Means,* for appellant.

The State wholly failed to prove the *corpus delicti.* The *corpus delicti* must be proven. 253 Mo. 487; 161 S. W. 705; 98 Miss. 723; 54 So. 241.

The court erred in permitting hearsay evidence to go to the jury, it being prejudicial to appellant. 45 Ark. 232; 45 Ark. 135.

The motion for new trial should have been granted because the jury were permitted to leave the courthouse without receiving admonition from the court. 68 Ark. 403.

*Wallace Davis,* Attorney General, *Jno. P. Streepey,* Assistant, and *D. D. Glover,* for appellee.

The testimony was amply sufficient to prove the *corpus delicti.* 28 L. R. A. (N.S.) 538, note; 1 Okla. 307; 97 Pac. 1052; 155 Ala. 93; 28 L. R. A. 537; 91 Ga. 11; 16 S. E. 100; 150 Ill. 181; 28 L. R. A. (N. S.) 287.

The court did not err in allowing the jury to retire in a body as no admonition was requested by appellant. 78 Ark. 77; 56 Ark. 519.

SMITH, J. Appellant was jointly indicted with one Walter Shuffield for the crime of arson alleged to have been committed by burning a barn, the property of one W. T. Shuffield.

The State depended upon circumstantial evidence for a conviction and appellant questions the sufficiency of this evidence to support the verdict of the jury, finding him guilty of that charge. Among the circumstances offered in proof was evidence concerning certain tracks alleged to have been made by appellant and his companion and certain horse tracks alleged to have been made by the horses which they rode on the night of the fire. On the following morning while these tracks were being followed, a witness found Shuffield's horse running loose in the road leading to the barn, and comparisons were made of the tracks of this horse with those of one of the horses found near the barn where two horses had been recently hitched for a sufficient length of time for them to tramp and beat down the ground where they had been standing. Appellant and Shuffield did not deny that they had been together that night, nor did they deny that Shuffield had ridden the horse which was found running loose. Their explanation of this fact, however, was that on the night of the fire Walter Shuffield rode to Walter Counts' home with him, and when they reached there they were cold and went in to warm and ate supper, during which time the horse became untied and strayed away.

A witness, Fred Caver, was permitted to testify that after Shuffield's horse had been found, Walter Shuffield

stated to him that "Walter Counts played hell when he turned my horse loose."

Upon the cross-examination of the witness Walter Shuffield was asked, over the objection and exception of appellant, if his brother, Hardy Shuffield, had not been charged with having killed and burned a woman, and the witness answered that his brother had been so accused.

We think it unnecessary to set out the evidence in this case but announce our conclusion that it was legally sufficient to sustain the verdict, and the testimony in regard to the tracks of appellant and his companion and their horses constituted a very material part of this evidence. In this connection it may be said that the testimony of the witness Caver related to a statement of Walter Shuffield made after the consummation of the conspiracy between Shuffield and appellant, and its damaging effect is, of course, apparent. It is thoroughly well-established that when a deed is done and the criminal enterprise of the conspirators is ended, the acts or declarations of one conspirator are thereafter inadmissible against his co-conspirator. *Willis* v. *State,* 67 Ark. 234; *Chapline* v. *State,* 77 Ark. 444; *Lawson* v. *State,* 32 Ark. 220; *Polk* v. *State,* 45 Ark. 165; *Gill* v. *State,* 59 Ark. 422; *Foster* v. *State,* 45 Ark. 328; *Cumnock* v. *State,* 87 Ark. 34; *Benton* v. *State,* 78 Ark. 284; *Wiley* v. *State,* 92 Ark. 586; *Storms* v. *State,* 81 Ark. 25; *Harper* v. *State,* 79 Ark. 594; *Easter* v. *State,* 96 Ark. 629.

It was, of course, error to permit the State to ask the witness Walter Shuffield if his brother had not been charged with having killed and burned a woman. Hardy Shuffield was not charged with the commission of this crime, nor was he a witness at the trial. But this evidence would not have been competent in either of those cases. We do not know upon what theory this evidence was admitted, but we do know it was erroneous, and the presumption is that it was prejudicial, its necessary effect being to show that a brother had been accused of an even

more serious crime than the witness Walter Shuffield himself was charged with.

For the errors indicated, the judgment of the court below will be reversed and the cause remanded for a new trial.