SPURLOCK *v.* GAIKENS.

Opinion delivered November 8, 1920.

1. HOMESTEAD—FAILURE TO CLAIM BEFORE EXECUTION SALE.—Under Kirby's Digest, § 3902, a debtor's right of homestead is not lost or forfeited by his omission to claim it as exempt before a sale under execution, and he may occupy the homestead until he is sought to be evicted before he is required to act.

2. EJECTMENT—PLAINTIFF'S TITLE.—In ejectment by a purchaser of a debtor's homestead at an execution sale, the mere fact that the judgment debtor attempted to sell the homestead after the execution sale, and that the deed to the debtor's grantee was void because his wife did not join in the execution, was no ground for recovery by the plaintiff, there being no abandonment of the homestead by the debtor, and the plaintiff being required to recover on the strength of his own title.

Appeal from Desha Circuit Court; *W. B. Sorrells,* Judge.

Appellant brought this suit in ejectment against appellees in the circuit court to recover possession of certain tracts of land.

The case was tried before the court sitting as a jury upon an agreed statement of facts, which is substantially as follows:

Tony Gaikens was the owner of eighty acres of land which he occupied with his wife, Josephine Gaikens, as his homestead. While he resided on his homestead, a judgment was obtained against him and an execution issued and levied on the land. Appellant became the purchaser at the execution sale, and the sheriff executed to him a deed therefor. No claim of exemption was filed by Tony Gaikens. After the sale under execution, and while occupying the land as his homestead, he made a deed to John Gaikens, and his wife did not join with him in the execution of the deed. John Gaikens was the nephew of Tony Gaikens. He is now in possession of the land. After Tony Gaikens died, his widow, Josephine Gaikens, executed a deed to the land to John Gaikens.

The circuit court found that the sheriff's execution deed to appellant was based upon the sale of the homestead of the execution debtor and was therefore void.

Judgment was accordingly rendered in favor of appellees, and the case is here on appeal.

*E. E. Hopson* and *Coleman, Robinson & House,* for appellant.

Both appellant and appellees trace their title from Tony Gaikens. Appellant must prevail upon the strength of his own title. We accept that rule and submit that the record shows title sufficient to sustain ejectment and shows absolutely no title in appellee, John Gaikens. It was not necessary for the owner of the homestead to claim it as exempt before sale on execution. The purchaser of a homestead at execution sale acquires a defeasible title. 55 Ark. 139. Spurlock had a defeasible title at the outset, but since then the title has vested in him. *Ib.*

The deed from Tony Gaikens to John Gaikens conveyed no title, as the wife did not join nor acknowledge it. A conveyance of a homestead without the wife joining in the deed is void. 108 Ark. 297; 94. *Id.* 107. After the death of Tony Gaikens his widow attempted to convey the property to John Gaikens. It was a homestead, and there were no minor children. So far as the record shows, the homestead was exempt during the widow's lifetime unless she abandons it. If she does, she waives her right to claim it as exempt, and it becomes liable to the debts of her deceased husband. 65 Ark. 70; 126 *Id.* 5. It follows that the deed from Josephine Gaikens to appellee conveyed no title whatever. Regardless of what may be said of appellant's title, it is clear that appellee has no title whatever. Upon the death of Tony Gaikens, after failure during his lifetime to claim the homestead exempt, and with the subsequent abandonment of the homestead by his widow, the defeasible title of appellant by purchase of the homestead at a sale under execution, he became indefeasible, and good against the world. 72 Ark. 446. It is therefore clear that Spurlock is the owner of the eighty acres involved here, and that appellees have no title whatever, and that appellant upon the strength of his own title, is entitled to recover in this suit.

*J. T. Cheairs, Jr.,* and *F. M. Rogers,* for appellees.

1. The sheriff's deed, upon which appellant bases his title, is void (67 Ark. 60), and appellant's title fails, as he must recover on the strength of his own title, which is conceded. It is established that at the time of the levy of the execution and the sale the property was the homestead of Tony Gaikens. If Kirby's Digest, § 3902, bore out plaintiff's contention, his plight would not be benefited, for the act of 1887 (Kirby's Digest, § 3902) would contravene. Art. 9, § 3, Const. 1874; 28 Ark. 486; 43 *Id.* 430; 45 *Id.* 384; 47 *Id.* 400; 53 *Id.* 182; 55 *Id.* 139; 56 *Id.* 150; 70 *Id.* 69; 75 *Id.* 116. If a debtor wishes to *prevent* a sale, he may do so by following the provisions of

the act; if he so elects, he assumes the burden of proving that the property claimed is really exempt; if he fails or neglects to schedule prior to the sale, he does not lose his rights, but may enforce same by suit to remove cloud from title, or may successfully resist an action of ejectment by pleading his homestead rights. Cases cited *supra*. The question of waiver or nonwaiver is determined from the facts presented by the record. Gaikens had the perfect right to convey although there had been a sale under execution. 43 Ark. 429; 52 *Id.* 101, 493; 56 *Id.* 156; 57 *Id.* 242.

2. The deed to John Gaikens was not void because the wife of Tony Gaikens did not join in it, under Kirby's Digest, § 3901, but she afterward did execute a deed with covenants of warranty conveying the lands and others to appellee and delivered it. The deed relates back to the date of the execution of the deed by Tony Gaikens and vitalizes it. The act does not mean that the wife must sign the identical paper her husband signed, but only that she consents to the sale, and establish her consent by record evidence. Kirby's Dig., § 3901. No exception was filed to the deed.

3. Tony Gaikens died without issue, and the widow acquired an undivided one-half interest in the land, and her deed conveyed this interest to John Gaikens. Kirby's Digest, § 2709.

HART, J. (afaer stating the facts). Art. 9, sec. 3, of the Constitution of 1874 provides that the homestead of any resident of this State who is married or the head of a family shall not be subject to the lien of any judgment or decree of any court, or to sale under execution, or other process thereon, except such as may be rendered for the purchase money, or in certain other specified instances.

Counsel for appellant admit that the homestead in this case was not subject to execution under the judgment against Gaikens, but they insist that the judgment be reversed under the authority of *Snider* v. *Martin*, 55 Ark. 139. In that case judgment was rendered and an

execution issued and levied upon the homestead, and the purchaser at the execution sale executed his note to the sheriff for the purchase money. Upon being sued by the execution-creditor on the note, he defended on the ground that the homestead was not subject to sale under the execution and that the note executed by him was on that account without consideration.

This court said that the sale was valid against every one except the debtor and his wife, and that the purchaser acquired an interest sufficient to constitute a valuable consideration. The court also said that the execution debtor might choose to waive his claim to a homestead, and that, until the purchase had been defeated by an ascertainment of the homestead rights, it was too soon to consider what relief the purchaser might be entitled to, if any.

Under section 3902 of Kirby's Digest, a debtor's right of homestead is not lost or forfeited by his omission to select and claim it as exempt before the sale on execution. The section further provides that the debtor may set up his right of homestead when suit is brought against him for possession. Our Constitution exempts the homestead from sale under execution except in certain specified cases, which it is admitted does not apply here. The debtor is not required to perform any act, to discharge any duty in the premises, or to manifest an intention to avail himself of its benefits. The deed by the sheriff to the purchaser at the execution sale has no effect on the title to the homestead beyond that of casting a cloud over it. The debtor need not claim his homestead as exempt. No affirmative action is required by him. He may occupy the homestead until he is sought to be evicted before he is required to act.

There is nothing in the record to show that the debtor in the instant case intended to abandon his homestead or to waive his claim of exemption thereto. It is claimed that his deed to the homestead is void because his wife did not join in the execution of it. In our view of the case, it does not make any difference whether his

attempted sale of the homestead after execution was under a void deed or not. The mere fact that he attempted to sell his homestead shows that he did not intend to abandon it, or to waive his claim of exemption.

As above stated, the execution debtor need not claim the homestead until he is sought to be evicted from it and the purchaser at the execution sale seeks to obtain possession of the property. Hence his right to the homestead has never been made an issue, and there is nothing in the record to indicate that he abandoned his claim of the homestead. It is conceded that the appellant must recover, if at all, on the strength of his own title. This is true.

It follows that the judgment must be affirmed.