## McKEE v. WATERS.

Opinion delivered November 17, 1924.

1. HOMESTEAD—EXEMPTION FROM EXECUTION SALE.—Under Const. 1874, art. 9, § 3, and Crawford & Moses' Dig., § 5539, a judgment debtor's homestead is exempt from execution sale, except for the debts mentioned in the constitutional provision.

2. HOMESTEAD—DEBTOR NOT ESTOPPED BY SILENCE.—Though a judgment debtor was present at an execution sale of his homestead and failed to object or protest, he is not estopped thereafter from attacking the validity of such sale.

Appeal from Mississippi Chancery Court, Chickasawba District; *Archer Wheatley,* Chancellor.

*Gravette & Rayner,* for appellants.

The indebtedness for which the judgment was obtained became fixed and determined, and therefore, in legal contemplation, incurred, subsequent to April 10, 1920, the date Waters received notice of final proof, and before the issuance of his patent, and the land is liable for the satisfaction of the debt. 80 Colo. 93; 36 Am. St. Rep. 266. Waters is estopped by his standing by and remaining silent at the sale under the execution. 35 Ark. 365, 376; 39 Ark. 131, 134; 147 Ark. 555, 228 S. W. 51; 51 Kansas, 233; 37 Am. St. Rep. 273.

HUMPHREYS, J. Appellee filed suit in the chancery court of the Chickasawba District of Mississippi County against appellants, to set aside an execution sale of the

SW¼ of section 30, township 16 N., range 10 E., to satisfy a judgment in favor of Charles McKee, State Bank Commissioner, which had been assigned to Harry L. Johnson. One of the appellants, J. T. Alford, purchased the land at the execution sale. The basis of appellee's suit was that the land in question constituted his homestead, and that same was exempt from sale under execution of the judgment against him in favor of said Bank Commissioner.

Appellants filed an answer denying the allegations of the complaint, and, by way of further defense, pleading an estoppel.

The cause was submitted to the court upon the pleadings, testimony adduced by the respective parties, and certain stipulations filed by them, which resulted in a decree voiding the execution sale and removing same as a cloud upon the title of appellee.

The record reflects that appellee acquired a patent for the land from the United States Government on April 25, 1921, and continued to reside thereon after procuring the patent; that on June 21 thereafter said judgment was obtained by the Bank Commissioner in the circuit court of said district and county, and afterwards assigned to Harry T. Johnson, who had the land sold under execution to satisfy the judgment; that the judgment represented a balance due from appellee to the Bank of Blytheville, upon checks drawn by appellee on said bank, and which had been paid by it before closing its doors; that J. T. Alford made the highest competitive bid, and purchased the land; that appellee was present at the sale, but entered no objection nor protest.

Appellant's first contention for a reversal is that appellee's homestead was subject to sale under execution. Under the Constitution of this State, a debtor's homestead is exempt from levy and sale under execution issued out of any court upon the decree or judgment, unless same is for an indebtedness excepted under the provisions of the law. Const. of 1874, art. 9, § 3; Crawford & Moses' Digest, § 5539. The indebtedness for

which the judgment was rendered in the circuit court and upon which execution was issued did not come within the exemption specified in the Constitution and statute.

Appellant's next contention for a reversal of the decree is that appellee was estopped from attacking the validity of the sale by his silence or failure to object or protest when the sale was being made in his hearing and presence. This contention is not sound, as § 5543 of Crawford & Moses' Digest permits a debtor "to select and claim his homestead after or before its sale on execution." The law goes further and permits the debtor "to set up his right of homestead when suit is brought against him for the possession thereof by the purchaser at the sale." *Dean* v. *Cole,* 141 Ark. 177; *Spurlock* v. *Gaikens,* 146 Ark. 50. It is unnecessary to discuss whether the indebtedness represented by the judgment accrued before or after appellee was entitled to a patent to the land, for the homestead was protected from sale under execution by the homestead exemption laws of the State of Arkansas.

No error appearing, the decree is affirmed.