FISHER *v.* KNIGHT.

4-8148                                    200 S. W. 2d 799

Opinion delivered April 7, 1947.

*Claude F. Cooper* and *T. J. Crowder,* for appellant.

*Frank C. Douglas,* for appellee.

HOLT, J. June 16, 1930, appellee, O. W. Knight, secured a judgment against appellant, Hattie Fisher Riales, for $232.72, in a justice court in Osceola, Arkansas. An execution was issued and a *nulla bona* return made. September 6th thereafter, a transcript of this judgment was filed in the office of the circuit clerk in Osceola. December 8, 1937, a *scire facias* writ was issued, and by proper proceedings, judgment of revivor secured and entered January 4, 1938, at a regular term of the circuit court at Osceola. May 8, 1938, proper transcript of this revived judgment was filed with the circuit clerk at Blytheville, Arkansas (Mississippi county is divided into two districts, Osceola and Chickasawba, Blytheville being the situs for the courts in the latter district).

February 11, 1939, Mrs. Riales purchased "Lots 1 and 2, Block 4, Davis Third Addition to the city of Blytheville, Arkansas." Each of these lots, adjoining, measured 50 x 150 feet.

December 12, 1944, Mrs. Riales conveyed to her son, appellant, Hartwell Edwin Fisher, for "$1.00 and other good and valuable consideration," the property. The deed of conveyance contained the following provision immediately following the description of the property: "I hereby expressly reserve the right to manage, control and receive all the uses and benefit of the aforesaid property during my lifetime."

April 2, 1945, appellee, Knight, caused execution to issue out of the circuit court at Blytheville and in due course, the sheriff, appellee, Hale Jackson, levied upon the following described property: "The south forty-one (41) feet of lots 1 and 2, block four (4), Davis Third Addition to the City of Blytheville, Arkansas," and advertised its sale for June 15, 1945.

On June 12th, appellants filed suit to enjoin the sale, and as grounds, alleged that Mrs. Riales had sold the property to her son, reserving to herself, a life estate, that the property was her homestead and not subject to execution. A temporary injunction was obtained.

Thereafter, on June 18, 1945, Knight caused a second execution to issue from the Osceola District and the property was advertised for sale under the same description as in the first execution, *supra.*

July 30th, appellants filed an amendment to their complaint in which they alleged that the lots in question did not belong to Mrs. Riales but to her son and again sought injunctive relief from the execution and sale. Another temporary injunction was granted.

Thereafter, on September 1st, appellees answered with a general denial and filed a cross complaint in which they sought to cancel the deed from Mrs. Riales to her son as a fraud upon appellant's creditors.

Upon a hearing on August 20, 1945, the trial court found that the deed from Hattie Fisher Riales to her son was a valid conveyance, not fraudulent, and dismissed Knight's cross complaint for want of equity. There was a further finding that Mrs. Riales had reserved a life estate in the property and that said life estate was subject to sale under execution, dismissed appellant's complaint for want of equity and further "that the defendants (appellees) are directed to proceed with the sale under execution as if no restraining orders had been issued herein."

From the decree comes this appeal.

We think the trial court correctly held that the deed from Mrs. Riales to her son dated December 12, 1944, was valid and without fraud. There was no showing that Mrs. Riales was insolvent at the time she executed this deed and appellees' revived judgment in 1938 did not constitute a lien on these lots at the time the deed was executed, more than six years thereafter.

Appellants argue that the property in question constituted the homestead of Mrs. Riales and therefore was not subject to sale under execution to satisfy her debt to appellee, Knight.

It was stipulated at the trial that the two lots exceeded in area one quarter of an acre. The record reflects that there is a large residence on "the north end of these two lots," which has been converted into two apartments and Mrs. Riales and her son occupy one and rent the other for $20 per month. There are also two other houses on the property, each of which Mrs. Riales rented for $20 per month.

On October 5, 1939, Mrs. Riales borrowed $2,500 from the Georgia State Savings Association, and out of this money it appears the two rent houses were constructed on the property and improvements made. A mortgage on the property was given to the Association as security for the loan, which was to be repaid in 96 monthly install-

ments of $34.37 each, and on the date of trial approximately $1,000 remained unpaid.

While Mrs. Riales put in issue her homestead, we think the court's finding that she failed to establish the right to claim the property as exempt on this ground was not against the preponderance of the testimony. The burden was upon her and she failed to meet it. *Pace* v. *Robbins,* 67 Ark. 232, 57 S. W. 213.

Finally, appellants say: "It is our contention that the reservation in the deed does not constitute a life estate" in Mrs. Riales. They concede, however, that "a life estate is a free hold estate in the land; and, of course, is subject to sale under execution for the debts of a life tenant."

We cannot agree that a life estate was not reserved to Mrs. Riales in the deed to her son, *supra.* The language used by Mrs. Riales, we think, clearly and expressly reserved to her during her life, "the right to manage, control and receive all the uses and benefit of the aforesaid property." This expressed reservation covered and described the entire property and reserved to Mrs. Riales individually for her own use, gratification and benefit, an estate for life.

We cannot agree with appellants that the present case is controlled by *Drennen Adx.* v. *Ross et al.,* 21 Ark. 375. That case is clearly distinguishable on the facts. The language there used was held not sufficient to reserve a life estate, but there is the implication that had language similar, in effect, to that used in the present case been employed, a life estate would have been reserved— in that case.

Finding no error, the decree is affirmed.