ROWE *v.* GOSE

5-3874                                      401 S. W. 2d 745

Opinion delivered April 25, 1966

*James E. Evans,* for appellant.

*Hugh R. Kincaid,* for appellee.

GEORGE ROSE SMITH, Justice. This is a suit brought by the appellee, H. H. Gose, against the appellants, James L. Rowe and wife, for specific performance of a contract by which Rowe agreed to sell a house and lot in Springdale to Gose for $18,750. In the court below the Rowes asserted that the contract was void because it involved their homestead and was not signed by Mrs. Rowe. Under our statute the wife's failure to join in the contract renders it absolutely void with respect to the homestead. Ark. Stat. Ann. § 50-415 (1947); *Pipkin v. Williams,* 57 Ark. 242, 21 S. W. 433, 38 Am. St. Rep. 241 (1893). The chancellor rejected the attack on the contract on the ground that the defendants failed to sustain their burden of proving that the lot in question does not exceed a quarter of an acre in area. The correctness of that ruling is the decisive question on appeal.

The defendants duly pleaded the asserted invalidity of the contract. At the trial they proved, without dispute, that title to the house and lot was in Mr. Rowe's name and that they had occupied the property as their home for some ten years preceding the trial. In the contract of sale the land was described as being a part of two specified lots in Springdale, "fronting approximately 80 feet on Emma Avenue, and known as 814 Emma Avenue." Neither side attempted to prove the exact depth of the property; that issue was simply left unexplored at the trial.

In holding that the Rowes failed to prove the claimed exemption the chancellor said in his memorandum opinion: "In a long line of cases our Court has uniformly held that the burden of proof to establish claim of homestead rests upon the claimant. It has also been repeatedly held that all of the elements combining to make a homestead must be established, including a

showing that the claimed homestead property falls within the limits of quantity and value.'' Among the cases cited by the chancellor those most nearly in point are *Fisher* v. *Knight,* 211 Ark. 465, 200 S. W. 2d 799 (1947), and *Barnhart* v. *Gorman,* 131 Ark. 116, 198 S. W. 880 (1917).

Neither of the cases cited can be said to control the one at bar. In *Fisher* v. *Knight* the homestead claimant had only a life estate in the land, which she occupied jointly with her son, who owned the remainder. We held that the chancellor's rejection of the exemption was not against the weight of the evidence. In the *Barnhart* case the claim was not to the land itself; it was to the proceeds of a voluntary sale of the land. The property had brought $7,500. The claimant had $3,750 of that money in her possession. We held that the claimant was not entitled to the rest of the purchase money without showing that the homestead did not exceed a quarter of an acre. It will be noted that the claimant did receive more than the constitutional minimum of $2,500.

In the case at hand we think the chancellor's complete rejection of the asserted homestead was unduly severe. Homestead laws are to be liberally construed in favor of the exemption. *Yadon* v. *Yadon,* 202 Ark. 634, 151 S. W. 2d 969 (1941). The legislature has taken a lenient attitude in the matter, permitting a debtor to claim his homestead even after he has allowed it to be sold under execution. Ark. Stat. Ann. § 30-210 (Repl. 1962). ''He may occupy the homestead until he is sought to be evicted before he is required to act.'' *Spurlock* v. *Gaikens,* 146 Ark. 50, 225 S. W. 17 (1920).

Our decisions have likewise been solicitous of the homestead right. In *Hardin* v. *Hancock,* 96 Ark. 579, 132 S. W. 910 (1910), we approved the trial court's action in setting apart the homestead on his own motion, pointing out that as far as the creditor is concerned it is immaterial who defines the exact boundaries of the homestead. In other pertinent cases we have remanded the

matter to the trial court to permit the claimant to select a homestead within the constitutional limits. *Starr v. City Nat. Bank,* 159 Ark. 409, 252 S. W. 356 (1923); *Willis* v. *State,* 67 Ark. 234, 54 S. W. 211 (1899).

These appellants unquestionably proved that the contract of sale was void with respect to at least part of their land. Even if the lot (admittedly worth more than $2,500) exceeds a quarter of an acre in area, it does not follow that the homestead exemption is wholly unavailable. The owners are in any event entitled to select a tract not exceeding the constitutional minimum of a quarter of an acre. Ark. Const., Art. 9, § 5. The lot is 80 feet wide. We do not know its depth, but it could be as much as 136 feet deep without embracing more than a fourth of an acre. If the lot exceeds the minimum exemption the excess may be so slight that the appellee would have no desire to purchase it. We are of the opinion that the appellants adduced sufficient proof to make a *prima facie* case, shifting to the appellee the burden of going forward with the evidence if he wished to assert a claim to part of the property. See *Whitlock* v. *Gosson,* 35 Neb. 829, 53 N. W. 980 (1892).

The decree is reversed and the cause remanded for further proceedings with reference to the homestead claim.