**In re Tony PATE, Debtor.**

**Bankruptcy No. TX 88–50 F.**

United States Bankruptcy Court,
W.D. Arkansas,
Texarkana Division.

Sept. 27, 1988.

Stephen T. Arnold, Texarkana, Ark., for debtor.

Claude S. Hawkins, Jr., Ashdown, Ark., Chapter 7 Trustee.

Nelson Shaw, Texarkana, Ark., for creditor.

## MEMORANDUM OPINION

ROBERT F. FUSSELL, Chief Judge.

Before the Court is an objection to the debtor's claim of exemptions filed by First National Bank of Lewisville, Arkansas. The Court held an evidentiary hearing on the matter on August 9, 1988 and received briefs from both parties concerning Arkansas homestead exemptions.

The debtor filed for relief under chapter 7 of the United States Bankruptcy Code. In his petition, the debtor claimed his one-quarter interest in certain real property as exempt property as provided in the Arkansas Bankruptcy Exemption Statute, Ark. Code Ann. § 16–66–218(b)(3) (Supp.1987). First National Bank of Lewisville, Arkansas objected to the exemption, contending that the debtor did not qualify as head of household and thus could not claim the exemption.

### Jurisdiction

This is a core proceeding within 28 U.S.C. § 157(b)(2)(B). The following constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052.

### Findings of Fact

The debtor filed his chapter 7 petition on April 28, 1988. Within the schedules the debtor listed his undivided one-quarter interest in real property located in Hempstead County, Arkansas, as exempt property as provided by Ark.Code Ann. § 16–66–218(b)(3) and Ark. Const. art. 9, § 3. The street address for this property is Route 2, Box 876, Hope, Arkansas.[1]

By Warranty Deed, dated September 3, 1984, the debtor's father and mother deeded in fee simple the property in question to the debtor, his two brothers and his sister as tenants in common. In August of 1984 with both parents continuing to live there, the debtor moved into the house. Sometime later, the debtor moved to New Mexico in order to take care of a brother's farm, where he remained for approximately one year. Then, sometime in 1986, the debtor's mother moved into a nursing home. In the spring of 1987, the debtor moved back into the house. At that time the debtor was single and had a three year old son by a prior marriage, however, the son did not

1. The legal description of said property is as follows:

The E½, NE¼ of Section 1, Township 13 South, Range 24 West, containing 80.30 acres, more or less; and the W½, W½, NW¼ of Section 6, Township 13 South, Range 23 West, containing 48.67 acres, more or less.

live with him. When the debtor moved into the house, his eighty year old father also continued to live there. As of the date of the filing of the bankruptcy petition, both the debtor and his father lived on the property.

Vernon Pate, a brother of the debtor, testified at the hearing concerning the financial relationship between the debtor and his father. The debtor's father provided his own monetary support from social security and retirement income. The father has continued to pay the real estate taxes on the property, as well as the utility bills. The debtor testified that although he did not provide financial support for his father, that he supported his father in other ways, including the preparation of some meals for his father and spending leisure time visiting with his father. The debtor usually spent his weekends visiting with his fiance in Nashville, Arkansas.

### Conclusions of Law

■ The availability of the Arkansas Homestead Exemption is contingent upon the claimant's status as either married or head of a family. Ark. Const. art. 9, § 3[2] and Ark.Code Ann. §§ 16–66–218(b)(3) (Supp.1987)[3] and 16–66–210 (1987)[4]. The issue before the Court is whether or not this debtor qualifies as "head of a family" and thereby may claim the homestead exemption. Homestead laws are to be liberally construed in favor of the exemption. *Rowe v. Gose,* 240 Ark. 722, 401 S.W.2d 745 (1966); *Yadon v. Yadon,* 202 Ark. 634, 151

S.W.2d 969 (1941). However, once the debtor's right to the homestead exemption is at issue, the burden of proof is on the one claiming the exemption. *Arkansas Savings & Loan Ass'n. v. Hayes,* 276 Ark. 582, 637 S.W.2d 592 (1982). The Arkansas Supreme Court has recognized certain factors that are critical in the determination as to whether a debtor qualifies as "head of a family." These factors are: (1) the existence of an obligation upon the head of the house to support the others; *Harbison v. Vaughan,* 42 Ark. 539, 541 (1884); (2) the existence of a corresponding state of dependence upon those being supported; *Id.* and (3) the head of the family is one in authority where the status or relationship of the family exists, *Yadon* at 638, 151 S.W.2d 969, 970.

■ The purpose behind the homestead exemption is the protection of families from execution of judgments upon their home. The head of a family has an obligation to provide a place to live, as well as other types of financial and emotional support for those he claims are his dependents. The concept of "family" in the exemption imposes the requirement of a substantial relationship between the person who is obligated to provide the support and the person who as a dependent relies upon the support. The debtor has failed to prove this substantial relationship. The debtor established no evidence concerning his obligation to financially support his father. In fact, the record evidence is to the contrary,

**2.** Ark. Const. art. 9, § 3 provides:

The homestead of any resident of this State who is married or the head of a family shall not be subject to the lien of any judgment, or decree of any court, or to sale under execution or other process thereon, except such as may be rendered for the purchase money or for specific liens, laborers' or mechanics' liens for improving the same, or for taxes, or against executors, administrators, guardians, receivers, attorneys for moneys collected by them and other trustees of an express trust for moneys due from them in their fiduciary capacity.

**3.** Arkansas "opted-out" of the federal exemptions and Ark.Code Ann. § 16–66–218 (Supp. 1987) is therefore the exclusive list of Arkansas bankruptcy exemptions. Section 16–66–218(b)(3) provides: Rural homesteads not ex-

ceeding one hundred sixty (160) acres of land with improvements thereon, up to two thousand five hundred dollars ($2500) in value but in no event less than eighty (80) acres without regard to value—Ark. Const. art. 9, § 4.

**4.** Ark.Code Ann. § 16–66–210(b) (1987) provides: The homestead of any resident of this state who is married or the head of a family shall not be subject to the lien of any judgment, or decree of any court, or to sale under execution or other process thereon, except such as may be rendered for the purchase money or for specific liens, laborers' or mechanics' liens for improving the homestead, or for taxes, or against executors, administrators, guardians, receivers, attorneys for moneys collected by them, and other trustees of an express trust for moneys due from them, in their fiduciary capacity.

with the father paying the utility bills and taxes. Thus, the debtor has failed to prove the first factor as set out in *Harbison,* that of an obligation to provide support. As to the second factor in *Harbison,* the record evidence reflects only a scintilla of evidence concerning the father's dependence on the debtor. The debtor prepared some meals for his father and visited with him during the work week, while usually spending his weekends with his fiance in Nashville, Arkansas.

The debtor also failed to prove the third factor: that the debtor as head of the family is one in authority where the relationship of the family exists. The evidence is void as to the debtor exercising authority in his relationship with his father while living together. Again, the evidence is to the contrary, as the father at least exercised authority in their living relationship by retaining financial responsibility for the property. In *Yadon* the court held that a mother, whose grown daughter lived with her, was head of the family. The daughter was twenty-five years old and was employed. The court indicated that the daughter was still dependent upon her mother for support, however, it was the on going, unbroken relationship between the two that persuaded the court that the mother's status was "head of a family." By comparison, the debtor in the present case had only recently moved back in with his father. The debtor failed to prove he was the "head of the family," that is the person in authority.

In summary, the debtor has failed to establish by a preponderance of the evidence that he is entitled to his claim of a homestead exemption. In order to constitute a family, something more is required than a mere aggregation of individuals residing in the same house. *Harbison* at 541. In this case, the debtor failed to prove anything more than a minimal relationship, the fact that he and his father lived in the same house. Thus, the debtor may not claim his one-quarter interest in the property under the homestead exemption. Accordingly, it is therefore

ORDERED AND ADJUDGED that the debtor may not claim the property at Route 2, Box 876, Hope, Arkansas, as exempt property.