**In re Larry COKER.**

**Larry COKER, Plaintiff,**

v.

**BANK OF CABOT and Charles Davidson, Trustee, Defendant.**

**Adv. No. 90–4019.**
**Bankruptcy No. 89–42397 S.**

United States Bankruptcy Court,
E.D. Arkansas,
Little Rock Division.

Feb. 22, 1991.

---

Larry Cook, Cabot, Ark., for Bank of Cabot.

Basil Hicks, No. Little Rock, Ark., for debtor.

Charles Davidson, Little Rock, Ark., trustee.

## MEMORANDUM OPINION

MARY D. SCOTT, Bankruptcy Judge.

Debtor, pursuant to 11 U.S.C. § 522, has filed a Complaint, Adversary Proceeding No. 90–4019, against the Bank of Cabot (Bank) and the Chapter 7 Trustee seeking to avoid a transfer. He seeks to set aside a state court Commissioner's sale held September 25, 1989. He also seeks to avoid the Bank's judicial lien on certain properties. Finally, he seeks possession of certain of the real property described in the Complaint. The Bank seeks dismissal of the Complaint. It has also filed a Motion for Relief from the Automatic Stay. Both the debtor's Complaint and the Motion for Relief from Stay were combined for trial December 13, 1990.

At the conclusion of all evidence the parties were directed to submit post-trial briefs no later than January 18, 1991. The parties timely complied with the Court's directive and the case was taken under submission January 19, 1991.

This Court has jurisdiction over the case pursuant to 28 U.S.C. § 1334. Moreover, the Court finds that the matter before it is a "core matter" within the meaning of 28 U.S.C. § 157(b)(1) as exemplified in 28 U.S.C. § 157(b)(2)(B).

Debtor specifically seeks to avoid a prepetition judicial sale of certain of his property pursuant to 11 U.S.C. § 522(h) and (i). The property sold at the judicial sale consisted of real estate and personalty. The debtor ultimately seeks to claim a homestead exemption in part of the real estate. Because sale of that property was included as part of a bulk sale, he argues that the entire sale must be set aside in order to free the 55–acre parcel he seeks to exempt.

The Bank contends the debtor, an unmarried person, is not entitled to a homestead exemption under the Arkansas Constitution and, hence cannot prevail. The Bank asserts that it is entitled to relief from the automatic stay to complete the state court proceedings. The Trustee appeared, but did not intervene and does not seek any relief.

The debtor correctly contends that he may assert what is generally the Trustee's power to avoid a preferential transfer pursuant to section 547 of the Bankruptcy Code if the conditions outlined in section 522(h) are met: (1) the trustee does not seek to avoid the transfer; (2) the transfer the debtor wants to set aside was involuntary and not concealed by the debtor; (3) the trustee could have avoided the transfer under section 547; *and* (4) the property the debtor seeks to recover is exempt. The

debtor acknowledges that he must meet *all* of these conditions and argues that he has done so. After hearing testimony, however, the Court finds that he has not established that he would be entitled to claim an exemption in a homestead if he recovered the property and the relief requested in the Complaint should be denied, and the Bank's Motion for Relief from Stay granted.

 Debtor argues, in support of his contention that the property he seeks to recover is exempt, that "at no point has Debtor's right to a homestead exemption been challenged, and pursuant to 11 U.S.C. § 511(*l*), unless a party in interest objects, the property which the debtor claims as exempt is exempt." (p. 6 of Debtor's brief) Debtor's argument is flawed. Property which cannot be claimed exempt as a matter of law does not become exempt just because no one filed a timely objection. See *In re Stutterheim*, 109 B.R. 1006, affirmed 109 B.R. 1010 (Bkrtcy.D.Ka.1988); *In re Davis*, 105 B.R. 288 (Bkrtcy.W.D.Pa. 1989); *In re Frazier*, 104 B.R. 255 (Bkrtcy. N.D.Cal.1989). This argument does not rise to the level of sufficient proof to support a conclusion, that as a matter of law, he is entitled to claim a homestead exemption. Rather, he must establish entitlement if he is to succeed in the pending action.

Article 9, § 3 of the Arkansas Constitution of 1874 provides as follows:

"The homestead of any resident of this State who is married or the head of a family shall not be subject to the lien of any judgment, or decree of any court, or to sale under execution or other process thereon, except such as may be rendered for the purchase money or for specific liens, laborers' or mechanics' liens for improving the same, or for taxes, or against executors, administrators, guardians, receivers, attorneys for moneys collected by them and other trustees of an express trust for moneys due from them in their fiduciary capacity."

1. A good review of the Arkansas homestead exemption and burden of proof necessary to

Debtor testified on cross examination that he is not married. No evidence was presented which would establish entitlement to the exemption as a head of a family. *Monroe v. Monroe*, 250 Ark. 434, 465 S.W.2d 347, 348 (1971). The protection of the family from dependence and want is the object of all homestead laws. Apart from his or her family, a debtor is entitled to no special consideration. *Harbison v. Vaughn*, 42 Ark. 539, 541 (1884). To constitute a family, within the meaning of the homestead laws, there must be an obligation upon the head of the house to support other individuals and, on their part, a corresponding state of dependence. *Id.* See, also *Yadon v. Yadon*, 202 Ark. 634, 151 S.W.2d 969 (1941).[1]

In summary, the debtor has not established entitlement to a homestead exemption and hence, cannot meet all the requirements outlined in section 522(h) in order to prevail.

Accordingly, it is hereby

ORDERED that the relief requested in the Complaint to avoid a preferential transfer is denied, and the Bank's Motion for Relief from Stay is granted. A judgment will be entered in accordance with the foregoing.

IT IS SO ORDERED.

establish entitlement may be found *In re Pate*, 95 B.R. 102 (Bkrtcy.W.D.Ark.1988).