## CHRIS MADSON v. WILLIAM N. NELSON.[1]

January 30, 1931.

No. 28,347.

*J. O. Peterson,* for appellant.
*Morgan & Nichols,* for respondent.

LORING, J.

This was a suit to set aside a mortgage foreclosure sale of real estate which included a homestead. The court ordered judgment in favor of the plaintiff upon the pleadings. Judgment was entered, and the defendant appealed therefrom.

The mortgage in question was made in the year 1920 and covered 120 acres of land in Freeborn county. When default occurred and the foreclosure was commenced, the plaintiff complied in every respect with L. 1907, p. 546, c. 389, which is entitled: "An act to protect the rights of homestead claimants in proceedings to foreclose real estate mortgages and to provide that such homestead shall be offered for sale as a separate parcel only." He served and filed the notice as required. The body of the statute provides in part:

"Upon the service and filing of such notice it shall be the duty of the sheriff, at the time of the sale, to first offer for sale and sell

[1] Reported in 234 N. W. 636.

that part of the mortgaged real estate, or so much thereof as is necessary, which is not included in such selected homestead, and thereupon, if the proper purposes of such foreclosure require, he shall offer for sale and shall sell separately that part of the mortgaged real estate included in such selected homestead, * * *."

At the foreclosure sale under the mortgage here involved the sheriff offered the nonexempt property and received no bid. He thereupon offered the entire tract as one parcel, including both the homestead and the nonexempt property. The mortgagee bid in the whole for the full amount of the debt and costs.

The sole question involved upon this appeal is whether or not the plaintiff had the absolute right to have the homestead sold separately at the mortgage foreclosure sale, notwithstanding the fact that no bids were received when the nonexempt property was offered separately. In Mulroy v. Sioux Falls T. & S. Bank, 165 Minn. 295, 206 N. W. 461, 463, this court had before it a situation where the same statute was involved, but in that case the plaintiff had not complied with the statute in reference to recording his demand that the homestead be sold separately. In discussing the statute, Judge Taylor, speaking for the court, said [165 Minn. 299]:

"This statute provides a method by which he [the homestead claimant] may, before the sale, establish an absolute right to have them sold separately, * * *."

Before the statute was passed the homestead claimant might seasonably demand a sale in separate parcels, and if that demand was not complied with and such noncompliance resulted in a substantial impairment of the homestead claimant's rights, he could have the sale set aside. It is obvious that the legislature intended to accomplish something further in the protection of the homestead rights by the passage of the 1907 law. We are of the opinion that the views expressed in the Mulroy case are correct, and that the statute confers upon the homestead claimant the absolute and unqualified right to have the homestead sold separately, notwithstanding the nonexempt property may not have brought a bid, and notwithstanding that his rights may not be substantially impaired by

a sale of the homestead with the nonexempt tracts in one parcel. If we were to hold otherwise a mortgagee could simply refrain from bidding on the nonexempt property and nullify the purpose of the statute except in the unusual case where there are other bidders. The mortgagee might thus force the mortgagor, in order to redeem, to pay the whole price brought at the sale by all the property instead of that for which the homestead alone was sold. The homestead claimant would thus usually be compelled to pay a larger amount than he would otherwise have to pay in order to redeem the homestead, which it is the purpose of the statute and of all of our homestead laws to protect. In the normal situation under this interpretation of the statute, there will be a bid in some amount for the nonexempt property, which will reduce the amount which the mortgagor will have to pay to redeem the homestead. If there should be no bid on the homestead, the parties will be no worse off than in cases where there is no bid on the premises as a whole. Such a situation will seldom if ever arise.

The judgment is affirmed.