JOHN R. GIBSON, Circuit Judge.
The extent of the homestead exemption under Minnesota law is the question before us. The district court[1] affirmed an order of the bankruptcy court apportioning, as exempt and non-exempt, the proceeds of the sale of real property on which debtor O’Brien’s residence was located. O’Brien appeals, contending that the bankruptcy court (1) erroneously determined the nonexempt portion of his property to be worth $72,880, (2) failed to permit a mortgage covering both exempt and non-exempt portions to be satisfied first from the non-exempt' portion, and (3) deprived him of a right to make a post-sale hypothetical selection. We affirm the judgment of the district court.
The facts are not in dispute. On October 29, 1980, appellant filed a voluntary Chapter 11 petition with the bankruptcy court in Minneapolis, and claimed that his residence, located and platted in Deephaven, Minnesota, was exempt under Minnesota’s homestead exemption, Minn.Stat.Ann. § 510.02 (West Supp.1982). The property consisted of a lakeshore lot approximately 40,000 square feet in area, including a house with approximately 4,400 square feet, and was encumbered by a mortgage in favor of First National Bank of Minneapolis to secure a debt of $204,000.
On July 23, 1981, the bankruptcy court entered an order authorizing the sale of appellant’s property for $535,000, directing payment of the bank’s mortgage out of the proceeds, and providing that the balance be held in escrow until further order of the court.
On September 2, 1981, the bankruptcy court held a hearing on objections of creditors, including appellee Heggen, to the debtor’s claim of exempt property. At the hearing, appellant’s expert witness made a hypothetical selection, on appellant’s behalf, of an exempt portion of the lot containing the house (Parcel A) and a non-exempt portion (Parcel B). Parcel B would not have been accessible to a public road, and, because it was 18,220 square feet, would not have been permissible under the minimum lot size requirement of 40,000 square feet established by city ordinance. The bankruptcy court did not separate the parcels but instead determined that $72,880 of the sale proceeds (on the basis of $4.00 per square foot) was non-exempt property. It ordered disbursement of the exempt balance of the fund to O’Brien, and provided that all further claims against the homestead proceeds fund be assessed against the non-exempt portion of the fund.
The district court affirmed the bankruptcy court’s order. This appeal followed.
I.
Under 11 U.S.C. § 522(b)(2) (Supp. V 1981), an individual debtor may exempt from property of the estate any property that is exempt under state law where the *1003 debtor is domiciled.[2] Minnesota is different from many states in that it provides for a homestead exemption by area rather than by value or a given dollar amount. See generally Haskins, Homestead Exemptions, 63 Harv.L.Rev. 1289, 1291-93 (1950); Note, Homesteads — Application of Minnesota Statutes, 25 Minn.L.Rev. 66, 67-68 (1940). The homestead exemption and its limitations relevant to this controversy are contained in Minn.Stat. §§ 510.01 and 510.02, and draw their validity and force from Minn.Const. art. 1, § 12.[3] Section 510.01 provides, in part, as follows:
The house owned and occupied by a debtor as his dwelling place, together with the land upon which it is situated to the amount hereinafter limited and defined [Minn.Stat. § 510.02], shall constitute the homestead of such debtor and his family, and be exempt from seizure or sale under legal process on account of any debt not lawfully charged thereon in writing ....
Minn.Stat.Ann. § 510.01 (West 1947). The homestead land is limited and defined in section 510.02: “The homestead may include any quantity of land not exceeding 80 acres, and not included in the laid out or platted portion of any city. If it be within the laid out or platted portion of such place its area shall not exceed one half of an acre.” Id. § 510.02 (West Supp.1982) (emphasis added).
Minnesota law further provides that upon levy of attachment or execution upon premises containing both exempt and nonexempt property, the homesteader is entitled to select the portion to exempt so that levy may be made only on the remainder. Minn.Stat.Ann. § 510.08 (West 1947). If a selection is not timely made, or if the selection is unsatisfactory to creditors, the sheriff is to make the selection. Id. § 510.09. A homesteader may avoid the sale of an entire tract that includes the homestead even if he failed affirmatively to assert his homestead right earlier. See Kipp v. Bullard, 30 Minn. 84, 86, 14 N.W. 364, 365 (1882); Ferguson v. Kumler, 25 Minn. 183, 188 (1878). See generally 9A Dunnell Minn. Digest § 4213, at 28 (3d ed. rev. 1977).
In the present case, the filing of the bankruptcy petition by the debtor constituted, by operation of law, a levy upon his assets. See 11 U.S.C. § 544 (Supp. V 1981). Despite the available selection procedures, neither O’Brien nor the sheriff made a selection of the exempt portion of the property prior to sale. The entire lot was sold at O’Brien’s request. On appeal, O’Brien does not seek to avoid the sale but instead argues that the non-exempt portion of his hypothetical selection is virtually worthless, thus entitling him to keep the proceeds of the sale, less a nominal amount of $1,000 attributable to the non-exempt portion.
The district court rejected O’Brien’s argument stating that he “seeks to have his cake and eat it too,” and found that there was no directly applicable Minnesota law on the question. Since the district court decision, the Minnesota Supreme Court has considered and rejected a similar de minimis argument in Title Insurance Co. of Minnesota v. Agora Leases, Inc., 320 N.W.2d 884 (Minn.1982). In that case a judgment debt- or brought suit to remove as a cloud on title a judgment encumbering .77 of an acre of land. The trial court found that if the parcel were divided into an exempt one-half acre portion containing the buildings and a .27 acre unimproved portion, the latter would not be saleable or usable by the *1004 judgment creditor. There was no separate access to the .27 acre portion because of roadway and lakeshore easements, ordinances prohibited building on that small a lot, and a deed conveying title to it would not have been recordable. The trial court removed the lien, reasoning that the de minimis value of a .27 acre portion standing alone rendered the entire parcel exempt. The Minnesota Supreme Court reversed, stating that “[t]he clear language of the statute and the importance of certainty in real estate law persuades us that neither legal nor equitable principles favor enlarging the homestead exemption over that expressly provided in Minn.Stat. § 510.02 (1980).”
The bankruptcy court’s decision is fully consistent with the principles set forth in Title Insurance Co. The bankruptcy court recognized that the homestead exemption must be limited to the express statutory area limitation. It then correctly proceeded to make an apportionment of exempt and non-exempt property based on the evidence before it. The determination of the non-exempt area, the resulting monetary equivalent, and thus the apportionment, are factual findings that must be affirmed unless clearly erroneous. See In re Colonial Services Co., 480 F.2d 747, 748 (8th Cir.1973); Gross v. Fidelity & Deposit Co. of Maryland, 302 F.2d 338, 339 (8th Cir.1962); R.Bankr.P. 752(a); Fed.R.Civ.P. 52(a).
The bankruptcy court determined the non-exempt portion of the proceeds by applying a multiplier of four dollars per square foot to the total number of square feet in excess of the one-half acre limitation; the multiplier is based on expert testimony in the record.[4] This apportionment allows an appropriate recognition of debt- or’s homestead exemption and yet affords creditors some satisfaction of their rightful claims. The district court observed that the debtor is able to realize $85,000 more than he would have realized had a pre-sale selection been possible. Creditors also benefit because there would have been no reasonable or feasible way of dividing the property and giving the non-exempt part any value:[5] minimum lot size requirements, irregular topography, and problems of accessibility would have rendered any physical division of the property impractical. The bankruptcy court’s decision thus makes $72,880 available to creditors and leaves a proceeds balance much larger than O’Brien would have had if his homestead were sold separately. The decision is fully supported by the record, is not clearly erroneous, and is an eminently fair resolution.
II.
O’Brien also argues that the $204,000 mortgage has to be satisfied first from the non-exempt portion of the sale proceeds.[6] Obviously, if this were done, there would be no proceeds remaining to satisfy other creditors’ claims.
O’Brien relies on several Minnesota cases: Horton v. Kelly, 40 Minn. 193, 41 N.W. 1031 (1889); Keith v. Albrecht, 89 Minn. 247, 94 N.W. 677 (1903); Adrian State Bank v. Mulroy, 172 Minn. 529, 215 N.W. 850 (1927); and Madson v. Nelson, 182 Minn. 450, 234 N.W. 636 (1931). He also relies on Minn.Stat.Ann. § 582.04 (West Supp.1982). We agree with the district court that this statutory and common law is *1005 not directly applicable, and that the bankruptcy court’s refusal to consider the entire non-exempt proceeds to be in satisfaction of the mortgage is not in error. This court gives great weight to the conclusions of the local district judge on questions of state law. Bergstrom v. Sambo’s Restaurants, Inc., 687 F.2d 1250, 1255 (8th Cir.1982); Associated Photographers, Inc. v. Aetna Casualty & Surety Co., 677 F.2d 1251, 1257 (8th Cir.1982); Lamb v. Amalgamated Labor Life Insurance Co., 602 F.2d 155, 160 (8th Cir.1979).
Horton v. Kelly holds that creditors cannot attack as fraudulent a transfer of nonexempt property which is of less value than the mortgage debt because the debtor is entitled, as between himself and the mortgagee, to have the non-homestead portion applied first to the mortgage debt before looking to the homestead. Keith v. Albrecht applies the Horton rule to a contract of sale, and holds that a homestead claimant, who is the equitable owner by virtue of the contract of sale, has the same right to have the non-exempt part of his land first applied to the payment of the vendor’s lien for the unpaid purchase price as he would have if he held legal title. Neither of these cases, however, establishes that creditors cannot reach the proceeds from the sale of non-exempt property when that sale is the vehicle for determining the very exemption rights at issue.
Madson v. Nelson and Adrian State Bank v. Mulroy are also not applicable since this case does not involve a mortgage foreclosure proceeding. The underlying rule of law in these cases is codified in Minn.Stat. Ann. § 582.04 (West Supp.1982). The purpose of this statute is to reduce the amount that a mortgagor has to pay to redeem his homestead so as to enable the mortgagor to retain his homestead, if possible. See Madson v. Nelson, 182 Minn, at 452, 234 N.W. at 637. That purpose would not be served under the circumstances presented here.
III.
Finally, O’Brien contends that the bankruptcy court’s decision deprives him of a right to make a post-sale hypothetical selection under Minn.Stat.Ann. § 510.07 (West Supp.1982), which provides: “The owner may sell and convey the homestead without subjecting it, or the proceeds of such sale for the period of one year after sale, to any judgment or debt from which it was exempt in his hands.” The applicability of the statute was not argued before the district court. The statute, by its express terms, does not create a right to a post-sale hypothetical selection, and we believe that to imply such a right would run contrary to the Title Insurance Co. decision discussed above. Accordingly, we reject appellant’s contention.
After carefully reviewing the record, we affirm the judgment of the district court.

. The Honorable Diana E. Murphy, United States District Judge for the District of Minnesota.

. Section 522 provides in part as follows:
(b) Notwithstanding section 541 of this title, an individual debtor may exempt from property of the estate ...
(2)(A) any property that is exempt under Federal law, other than subsection (d) of this section, or State or local law that is applicable on the date of the filing of the petition at the place in which the debtor’s domicile has been located for the 180 days immediately preceding the date of the filing of the petition, or for a longer portion of such 180-day period than in any other place; ....
11 U.S.C. § 522 (Supp. V 1981).

. Minn.Const. art. 1, § 12, provides: “A reasonable amount of property shall be exempt from seizure or sale for the payment of any debt or liability. The amount of such exemption shall be determined by law.”

. The lot was approximately 40,000 square feet. Expert testimony valued the land, in its unimproved state, to be $150,000-160,000. From this the court determined the value per square foot to be $4.00 ($160,000/40,000 square feet). Since the area in excess of the one-half acre limitation was [40,000 square feet (total acreage) — 21,780 square feet (square foot equivalent of one-half acre) ], or 18,220 square feet, the court found that the non-exempt portion had a value of (18,220 square feet) X ($4.00 per square foot), or $72,880.

. For this reason, it is likely that the debtor would have experienced substantial difficulties in making a pre-sale selection. Section 510.09 prohibits any selection that would unreasonably affect the value of the remaining portion. Minn.Stat.Ann. § 510.09 (West 1947).

. We need not consider the issue of whether a pro rata share of the non-exempt proceeds should have been applied to satisfying the mortgage since the issue was not raised before the bankruptcy court, the district court, or this court.