[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
12/10/99
THOMAS K. KAHN
CLERK

————————————

No. 98-5117
Non-Argument Calendar

————————————

D. C. Docket No. 96-08257-CV-LCN
BKC No. 95-32059-SHF

IN RE: CHRISTOPHER G. KELLOG,

Debtor.

CHRISTOPHER G. KELLOGG,
a.k.a. Chris Kellogg,

Plaintiff-Appellant,

versus

PALMER K. SCHREIBER, PATRICIA DZIKOWSKI,
Trustee,

Defendants-Appellees.

————————————

Appeal from the United States District Court
for the Southern District of Florida

————————————

**(December 10, 1999)**

Before ANDERSON, Chief Judge, DUBINA and WILSON, Circuit Judges.

WILSON, Circuit Judge:

Christopher Kellogg ("Kellogg"), a bankruptcy debtor, appeals from orders denying his motion for continuance, sustaining objections to his homestead exemption, and denying his motion for rehearing. For the reasons expressed below, we affirm.

BACKGROUND

In 1993, Appellee Palmer Schreiber ("Schreiber") obtained a judgment lien against Kellogg for $512,863.76; Schreiber has been trying to collect it ever since. In 1995, Kellogg filed a voluntary Chapter 7 bankruptcy petition, claiming a Florida homestead exemption on his Palm Beach oceanfront property. Kellogg stated his homestead was approximately 1.3 "indivisible acres" in size. He valued the exemption at $799,432, the tax assessor's value for the entire parcel.

The bankruptcy trustee (Appellee Patricia Dzikowski) (the "Trustee") and Schreiber objected to Kellogg's claim because it exceeded Florida's exemption for municipal property, which is limited to one-half acre. *See Fla. Const. Art. X, § 4(a).* The bankruptcy court set an evidentiary hearing on the objections. The hearing was continued twice and finally rescheduled for February 2, 1996.

When continuing the hearing to February 2, the judge set explicit deadlines for exchanging witness and exhibit lists and for terminating discovery. Kellogg did not submit witness and exhibit lists; nor did he complete discovery before the cutoff date.

2

Neither did Kellogg respond to Schreiber's interrogatories and requests for admission. Schreiber filed a motion-in-limine seeking to prohibit Kellogg from presenting any evidence at the hearing due to his failure to respond to discovery and noncompliance with the court's scheduling order. Kellogg did not respond.

One day before the hearing, Kellogg's counsel filed a motion to withdraw as counsel due to irreconcilable differences, to continue the hearing, and for an extension of time to conduct further discovery. That same afternoon, Kellogg himself sent the court an *ex parte* facsimile stating he was dissatisfied with his counsel and did not object to his counsel's withdrawal.

On the day of the hearing, Kellogg did not appear, although his counsel did. The court indicated its intention to conduct the hearing as scheduled. Both Kellogg's counsel and the bankruptcy court stated that they considered the homestead issues to be legal and not factual in nature. The Trustee and Schreiber presented the testimony of the Palm Beach zoning administrator. The administrator testified that Kellogg's property was zoned "R-AA," which is the largest state residential district in the town. For R-AA property, Palm Beach's zoning laws required a minimum parcel size of 60,000 square feet with at least 150 feet fronting a road; therefore, Kellogg could not legally subdivide his 1.3 acre parcel.[1]

---

[1]An acre is 43,560 square feet of land. *Black's Law Dictionary* 25 (6th ed. 1990).

The bankruptcy court relied on the administrator's testimony in ruling that "there is no legal or practical manner in which to subdivide the Debtor's Homestead Property." The court ruled that Kellogg's property must therefore be sold and the proceeds apportioned between Kellogg and the bankruptcy estate. After the hearing, the bankruptcy judge granted Kellogg's former counsel's motion to withdraw.

After obtaining new counsel, Kellogg filed an amended schedule claiming a homestead exemption of $650,000, 81% of the value of the total real estate parcel. Kellogg also moved for a rehearing and reconsideration of the orders denying a continuance and directing the sale of the property. Kellogg's motion was denied. Kellogg timely appealed to the district court, which affirmed the bankruptcy court. This appeal followed.

JURISDICTION AND STANDARDS OF REVIEW

This court has jurisdiction under 28 U.S.C. § 158(d). *See In re Englander*, 95 F.3d 1028, 1030 (11th Cir. 1996) (appellate court has jurisdiction to review decision ordering sale of property claimed exempt as homestead); *see also In re England*, 975 F.2d 1168, 1172 (5th Cir. 1992) (order granting or denying bankruptcy exemption is final and appealable) (citing cases). This court reviews the bankruptcy court's factual findings for clear error and its legal determinations *de novo*. *See In re Englander*, 95

F.3d at 1030. Denials of motions for continuance, motions to withdraw, and motions for rehearing are reviewed for abuse of discretion.[2]

DISCUSSION

The district court determined that the bankruptcy judge did not abuse his discretion in denying Kellogg's motion for continuance and requiring Kellogg's former counsel to represent Kellogg in the February 2, 1996 hearing. Kellogg argues that he should have received a continuance because his differences with his former counsel prevented him from receiving adequate assistance of counsel at the hearing. Further, he argues, the only reason he did not appear at the hearing was because he had no reason to believe that the judge would actually rule on the homestead exemption.

Given that Kellogg had already received one continuance and especially given Kellogg's noncompliance with the judge's scheduling order and failure to respond to discovery, the judge acted well within his discretion in denying a continuance. *See, e.g., Arabian American Oil Co. v. Scarfone*, 939 F.2d 1472, 1479 (11th Cir. 1991) (appellate court will reverse denial of continuance "'only in extreme cases in which

---

[2]*See, e.g., Edward Leasing Corp. v. Uhlig & Assocs., Inc.*, 785 F.2d 877, 879 (11th Cir. 1986) (continuance); *United States v. Gonzalez*, 940 F.2d 1413, 1428 n. 22 (11th Cir. 1991) (motion to withdraw); *Region 8 Forest Serv. Timber Purchasers Council v. Alcock*, 993 F.2d 800, 805-06 (11th Cir. 1993) (motion for rehearing).

it clearly appears that the moving party was free of negligence.'") (quoting *Grunewald v. Missouri Pacific R.R.*, 331 F.2d 983, 986 (8th Cir. 1964)).

Neither did the bankruptcy judge abuse his discretion in denying Kellogg's motion for reconsideration and rehearing. Because the order directing the sale of Kellogg's property was final, Kellogg's motion should be considered as a motion for new trial or amendment of judgment under Bankruptcy Rule 9023 (incorporating by reference Rule 59, Federal Rules of Civil Procedure). *See Matter of Aguilar*, 861 F.2d 873, 875 (5th Cir. 1988); *In re Investors Fla. Aggressive Growth Fund, Ltd.*, 168 B.R. 760, 768 (Bankr. N. D. Fla. 1994). The only grounds for granting Kellogg's motion are newly-discovered evidence or manifest errors of law or fact. *See In re Investors,* 168 B.R. at 768.

On this appeal, Kellogg seeks reconsideration to present evidence regarding whether his property could lawfully be divided into two parcels. He also wishes to argue that he could have successfully received a variance. We find that Kellogg had plenty of opportunity to present his arguments and evidence in a timely manner at the February 2 hearing, but chose not to. Kellogg may not use a Rule 59(e) motion to raise arguments available but not advanced at the hearing. *See Stone v. Wall,* 135 F.3d 1438, 1442 (11th Cir. 1998). Also, Kellogg has not shown that any of the evidence he belatedly wishes to present was newly discovered. *See Mays v. United States*

6

*Postal Serv.*, 122 F.3d 43, 46 (11th Cir. 1997) ("where a party attempts to introduce previously unsubmitted evidence on a motion to reconsider, the court should not grant the motion absent some showing that the evidence was not available"). Nor was there a manifest error or law or fact to justify altering or amending the judgment. Therefore, the judge did not err in denying Kellogg's motion for reconsideration.[3]

These preliminary issues being disposed of, we may now turn to the main issue: whether Kellogg must be allowed to carve out a half-acre portion of his waterfront estate to keep as his homestead or whether the bankruptcy court may direct that the property be sold and the proceeds divided.

The purpose of Florida's homestead provision is to protect families from destitution and want by preserving their homes. *See, e.g., In re Englander*, 95 F.3d 1028, 1031 (11th Cir. 1996)*; Frase v. Branch*, 362 So. 2d 317, 318 (Fla. Dist. Ct. App. 1978). Homestead laws must be liberally construed, but not so liberally that they

---

[3]Even if Kellogg's motion were considered to be a motion seeking relief from judgment under Bankruptcy Rule 9024 (incorporating Rule 60, Fed. R. Civ. P.), it would fail. The gist of Kellogg's motion is that he should be excused from judgment because his former counsel did not present evidence at the hearing and led Kellogg to believe that the judge would not rule on Kellogg's exemption at the hearing. Even if Kellogg's former counsel were negligent in representing him at the hearing (which is by no means certain), attorney negligence or oversight rarely warrants relief from judgment. *See United States v. Real Property & Residence Located at Rte. 1, Box 111*, 920 F.2d 788, 792 (11th Cir. 1991). The facts do not show this to be one of those rare occasions.

7

become "instruments of fraud, an imposition on creditors, or a means to escape honest debts." *Frase*, 362 So. 2d at 319.

Kellogg's property exceeds the one-half acre allowed for municipal homestead. He cannot declare as exempt his entire parcel, but may "select his homestead in any contiguous shape from his qualifying lands." *See Frase*, 362 So. 2d at 320; *see also Shone v. Bellmore*, 78 So. 605, 608 (Fla. 1918) (owner may designate reasonably-shaped contiguous portion of land). Therefore, Kellogg may reasonably designate his one-half acre portion of the property, so long as the remaining portion has legal and practical use. *See Englander*, 95 F.3d at 1032 (disallowing partition when nonexempt parcel of land had no legal or practical use). The nonexempt parcel would have no legal or practical use to the Trustee because its conveyance would violate local zoning laws. Kellogg does not contest that Palm Beach township zoning regulations prohibit subdividing his land into parcels less than 60,000 square feet. Since Kellogg's property is approximately 1.3 acres, it could not lawfully be subdivided without a variance. Separating Kellogg's land into an exempt and a nonexempt parcel is equivalent to subdividing it, since turning over excess land to the trustee for disposition exposes neighboring landowners to precisely the same evils the zoning laws are intended to prevent–namely, allowing double-building on a parcel of land. If Kellogg could not lawfully divide his land into two parcels before declaring

8

bankruptcy, he should not be allowed to use his homestead exemption to circumvent zoning regulations after filing his petition. Therefore, Kellogg could not carve out a half-acre parcel without a variance.

The status of Kellogg's property is determined as of the date he filed his petition. *See, e.g., In re Crump*, 2 B.R. 222, 223 (Bankr. S.D. Fla. 1980). Because Kellogg had not obtained a variance before filing his petition, his property must be considered as indivisible. The bankruptcy court correctly directed a sale of the property and equitable allocation of the proceeds. *See In re Englander*, 95 F.3d at 1032 ("where the property is not divisible, the trustee could sell the property and the court would apportion the proceeds.").[4]

---

[4]Even if Kellogg were allowed to seek a variance after filing his petition, the record shows no grounds for it to have been granted. To receive a variance, Kellogg must show the following: (1) his land suffers from special conditions and circumstances peculiar to it alone; (2) the special conditions and circumstances do not result from Kellogg's actions; (3) granting the variance will not confer on Kellogg any special privilege not given to other property in the same district; (4) denying the variance would work "unnecessary and undue hardship" on Kellogg; and (5) the variance granted is the minimum possible to allow the reasonable use of his land. *See Palm Beach Code* § 134-201(a). Kellogg bears the burden of proving the above conditions apply. *See, e.g., Gomez v. St. Petersburg*, 550 So. 2d 7, 8 (Fla. Dist. Ct. App. 1989).

When a landowner acquires the land with knowledge of the zoning restrictions, he cannot cry "hardship." *See Josephson v. Autrey*, 96 So. 2d 784, 789 (Fla. 1957), *superseded by statute on other grounds*, *Grace v. Town of Palm Beach*, 656 So. 2d 945 (Fla. Dist. Ct. App. 1995). More to the point, "[w]hen the owner himself by his own conduct creates the exact hardship which he alleges to exist, he certainly should not be permitted to take advantage of it." *Josephson*, 96 So. 2d 789*; see also Town*

Kellogg argues that the *Englander* rule only applies when the debtor artfully crafts his homestead to defraud his creditors by leaving a useless parcel. A careful reading of this court's opinion does not reveal any such limitation; rather, this court ruled that partition was equitable and proper when the debtor's homestead exceeded the amount allowed in the Florida constitution and was indivisible. *See id.*; *see also O'Brien v. Heggen*, 705 F.2d 1001 (8th Cir. 1983), on which the *Englander* court relied. In *O'Brien*, the court allowed a sale of homestead with no showing of fraud. *See id.*

None of the courts following *Englander* (even before its affirmance in the Eleventh Circuit) have limited its application to cases involving chicanery. *See, e.g., In re Baxt*, 188 B.R. 322, 324 (Bankr. S.D. Fla. 1995). In *Baxt*, the debtor claimed an exemption in an entire 2.5-acre parcel that, like Kellogg's, could not be conveyed into smaller parcels lawfully. The court refused to allow the zoning restrictions to enlarge the strict one-half acre limit: "The exemption protection pertains to 'one-half acre,' not to 'one-half acre unless you live in Parkland.'" *Id.* Even though there was no

---

*of Ponce Inlet v. Rancourt*, 627 So. 2d 586, 588 (Fla. Dist. Ct. App. 1993) (hardship will not justify a variance when it is "one of mere economic disadvantage," particularly when self-created). Because the record shows only that Kellogg's hardship was monetary and self-created, he would not have met his burden of showing he was entitled to a variance. This is not to say that the Trustee or a subsequent purchaser could not obtain a variance, but only that the record does not show that Kellogg could receive a variance in these circumstances.

showing of fraud on the part of the debtor, the court ruled that a sale and allocation of the proceeds was proper.[5] *See id.* at 324-25; *see also In re Nofsinger*, 221 B.R. 1018 (Bankr. S.D. Fla. 1998) (directing sale of property; no fraud shown).

Kellogg argues that a local zoning ordinance cannot defeat his homestead exemption. But Kellogg will not be deprived of his homestead exemption; he may use his share of the proceeds to purchase a new homestead exempt from creditors' claims. *See Orange Brevard Plumbing & Heating Co. v. La Croix*, 137 So. 2d 201 (Fla. 1962). The Florida constitution grants Kellogg the right to exempt up to one-half acre of municipal property; it does not grant him the inalienable right to homestead in his particular part of Palm Beach, where he chose to live knowing his property could not be subdivided into an exempt one-half-acre parcel.

## CONCLUSION

The district court correctly determined that the bankruptcy judge did not abuse his discretion in denying Kellogg's motions for a continuance and rehearing. Even before the hearing, Kellogg missed deadlines for disclosing the witnesses and

---

[5]Kellogg seeks to distinguish *In re Baxt* because there the debtor claimed an exemption in the entire parcel. That is precisely what Kellogg did, originally claiming an exemption of 1.3 "indivisible acres." Only after the adverse ruling did he file an amended schedule claiming less than the entire parcel. The amended schedule was not before the judge at the hearing and will not be considered.

Kellogg's former counsel did argue at the hearing that Kellogg should be allowed to select a one-half acre parcel. As discussed above, Kellogg could not lawfully divide his parcel in the fashion he suggested. Therefore, *Baxt* is on point.

11

evidence he intended to present. His last-minute attempt to terminate his counsel did not justify a continuance. Neither did Kellogg's failure to present evidence at the hearing warrant a rehearing or amendment of judgment when the evidence was available to Kellogg at the time of the evidentiary hearing.

Further, Kellogg could not select a one-half acre portion of his property to be exempt homestead when the local zoning laws prohibited him from subdividing his property. The bankruptcy court correctly ordered the property sold and the proceeds divided.

AFFIRMED.