### In re Sam S. and Melissa Sue WEATHERS, Debtors.

### No. 5:09–bk–73659.

United States Bankruptcy Court,
W.D. Arkansas,
Fayetteville Division.

Dec. 4, 2009.

E. Kent Hirsch, Springdale, AR, for creditors.

Jill R. Jacoway, Fayetteville, AR, for debtors.

John T. Lee, Siloam Springs, AR, Chapter 7 Trustee.

## ORDER

BEN T. BARRY, Bankruptcy Judge.

Before the Court is the Objection to Exemption filed by creditors Stephen and Elaine Fowler on October 16, 2009, relating to the debtors' claimed homestead exemption. On November 2, 2009, the debtors filed their Answer to Objection to Exemption. The creditors have the burden of proving the debtors' exemption is not properly claimed. Fed. R. Bankr.P. 4003(c). The Court heard the objection on November 10, 2009, and at the conclusion of the hearing took the matter under advisement. For the reasons stated below, the Court overrules the creditors' objection to the debtors' claimed homestead exemption.

The Court has jurisdiction over this matter under 28 U.S.C. § 1334 and 28 U.S.C. § 157, and it is a core proceeding under 28 U.S.C. § 157(b)(2)(B). The following order constitutes findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure

7052, made applicable to this proceeding under Federal Rule of Bankruptcy Procedure 9014.

The subject of the dispute between the parties is the debtors' homestead located on 0.3 acres in the Bent Tree subdivision in the city of Rogers, Arkansas. The property is subject to restrictive covenants, which include a prohibition against further division. The debtors claimed 0.25 acres exempt under the Arkansas Constitution.[1] The exempted portion of the property includes the debtors' residence, and the exemption is valued by the debtors at $219,000.00 on their amended Schedule C.[2] The debtors have offered to "buy back" the non-exempt portion of the property, which consists of 0.05 acres, for $11,000.00 payable to the chapter 7 trustee. The creditors argue that because the property exceeds one-quarter of an acre in size, the debtors should (1) be denied any exemption because it is not authorized by law, (2) be entitled to claim an exemption not exceeding $2500.00 under the Arkansas Constitution, or (3) be required to choose one-quarter of an acre within the 0.3 acres and have the Court order the remaining 0.05 acres sold by the trustee free from the prohibitions of the restrictive covenants.

■■■ The law regarding homestead exemptions in Arkansas is well-settled. Under the constitution, the homestead right for urban property in excess of one-quarter of an acre is limited in value to $2500.00 and in size to one acre. *Price v. Price*, 258 Ark. 363, 527 S.W.2d 322, 327 (1975); Ark. Const., art. 9, § 5. When the property exceeds that value, the homestead is limited to one-quarter of an acre without regard to value. *Price*, 527 S.W.2d at 327; Ark. Const., art. 9, § 5. According to the Arkansas Supreme Court, "[e]ven if the lot ... exceeds a quarter of an acre in area, it does not follow that the homestead exemption is wholly unavailable. The owners are in any event entitled to select a tract not exceeding the constitutional minimum of a quarter of an acre." *Rowe v. Gose*, 240 Ark. 722, 401 S.W.2d 745, 746 (1966). These settled statements of law deflate the creditors' arguments that (1) the debtors should not be entitled to any homestead exemption because the property exceeds one-quarter of an acre in size and $2500.00 in value, and (2) their exemption should be limited to $2500.00. In Arkansas, "[h]omestead laws are to be liberally construed in favor of the exemption." *Id.* (citing *Yadon v. Yadon*, 202 Ark. 634, 151 S.W.2d 969 (1941)). The constitution is clear that "in no event shall such homestead be reduced to less than one-quarter of an acre of land, *without regard to value.*" Ark. Const., art. 9, § 5 (emphasis added). Because of this, the Court finds that the debtors are entitled to claim up to one-quarter of an acre exempt under the Arkansas Constitution, without regard to value.

---

1. The Arkansas Constitution, article 9, section 5 states:

   The homestead in any city, town or village, owned and occupied as a residence, shall consist of not exceeding one acre of land, with the improvements thereon, to be selected by the owner; provided, the same shall not exceed in value the sum of two thousand five hundred dollars, and in no event shall such homestead be reduced to less than one-quarter of an acre of land, without regard to value.

2. The current value of the property is listed on the debtors' schedules at $389,000.00, subject to two mortgages totaling $170,000.00. The debtors initially disclosed the property as consisting of 0.25 acres based on separate debtor Sam Weathers's own calculations after considering platted property setbacks. The debtors amended their Schedule C one month after the miscalculation was disclosed at their meeting of creditors.

More problematic is the fact that the property is located within a subdivision that does not allow further division of the platted lots. Although this does not effect the value of the claimed exemption, it may affect the value of the non-exempt portion of the property. Regardless, "[t]he fact that the restrictive covenants preventing division diminish any value of the non-exempt portion of the property is not relevant to a debtor's right to select and claim one-quarter acre as exempt under Arkansas law." *Williams v. Bradley (In re Bradley)*, 294 B.R. 64, 71 (8th Cir. BAP 2003). The ultimate question then becomes, what is the trustee entitled to in relation to the non-exempt portion of the property?

Because the property cannot be further divided, the creditors' suggestion that the Court order the sale of the non-exempt portion of the property is without merit. The property, which consists of 0.05 acres, likely has little value to anyone but the debtors. Even if the Court required the trustee to seek a change in the covenants, and in the unlikely event the trustee prevailed, the sale of the remaining 0.05 acres would still have limited value to a third party, resulting in little gain for the estate. The highest return to the estate would result from a sale of the entire parcel. The trustee could then use the proceeds to pay the first and second mortgages, with the balance divided between the trustee and the debtors (to the value of their exemption), with the cost of the sale borne by the trustee. Under this scenario, the Court would still have to determine the value of the non-exempt portion in order to allocate properly the proceeds between the trustee and the debtors.

The apportionment of proceeds as exempt and non-exempt upon the sale of real property was discussed in an earlier case from the Eighth Circuit Court of Appeals: *O'Brien v. Heggen*, 705 F.2d 1001 (8th Cir.1983). In that case, the debtor's homestead property exceeded the amount allowed as a homestead under Minnesota law. After the property was sold at the request of the debtor, the debtor argued that the non-exempt portion was "virtually worthless," and that he should be able to keep all of the proceeds from the sale, less a nominal $1000.00 attributable to the non-exempt portion. *Id.* at 1003. The bankruptcy court disagreed and determined the value of the non-exempt portion of the proceeds by valuing the land in its unimproved state through expert testimony, and then determining the value per square foot. The court then applied that figure as a multiplier to the total number of square feet in excess of the homestead limitation to determine the value of the non-exempt portion. *Id.* at 1004. The Eighth Circuit stated that "[t]his apportionment allows an appropriate recognition of debtor's homestead exemption and yet affords creditors some satisfaction of their rightful claims." *Id.* It also stated that the bankruptcy court's decision was "fully supported by the record, is not clearly erroneous, and is an eminently fair resolution." *Id.*

Understanding how the proceeds may be allocated after the sale of property allows a trustee to enhance the value of the estate for the benefit of unsecured creditors without the additional burden and cost of selling the property. The determination of the trustee's share of the proceeds can be reduced to a formula based on the apportionment of proceeds under *O'Brien:* $T = [LS-HE] \times LV/LS$, where T equals the trustee's share of the proceeds; LS equals the lot size in square feet; HE equals the allowed homestead exemption in square feet; and LV equals the value of the unimproved lot. Robert Laurence, *Attacking the Acquisition and Forcing the Sale of an Indivisible Arkansas Homestead,* 55 Ark. L.Rev. 473, 513 (2002). In

this case, the lot size in question is 0.3 acres, or 13,068 square feet; the allowed homestead exemption is 0.25 acres, or 10,-890 square feet; and the value of the unimproved lot, based on an appraiser's testimony at trial, is $66,000.00. Using the above formula, the trustee's share of the proceeds, after a sale of the property, would equal:

$$T = [13{,}068{-}10{,}890] \times \$66{,}000.00/13{,}068$$

$$T = 2178 \times \$5.05$$

$$T = \$10{,}998.90$$

From this amount would be subtracted the costs associated with the sale, further reducing the amount available to the estate.

In the case before the Court, the debtors have offered to buy the non-exempt portion of their homestead from the trustee for $11,000.00. In the light of the *O'Brien* case, this appears to be an "eminently fair resolution." Additionally, the estate is not burdened with the additional costs that would be associated with a sale of the property in order to realize the non-exempt proceeds to which the estate would be entitled. In other words, a sale of the entire parcel would likely result in less benefit to the estate than the $11,000.00 offered by the debtor. Accordingly, the Court overrules the creditors' objection to the debtors' claim of exemption on the condition the debtors pay to the trustee $11,000.00 to account for the non-exempt portion of their real property.

IT IS SO ORDERED.