In the MATTER OF: Freemon E. FULLER, Debtor.

Patriot Fire Protection, Inc., Plaintiff,

v.

Freemon E. Fuller, Defendant.

**CASE NUMBERS BANKRUPTCY CASE NO. 14–11888–WHD ADVERSARY PROCEEDING No. 14–1063–WHD**

United States Bankruptcy Court, N.D. Georgia, Newnan Division.

Signed 09/12/2016

James R. Marshall, James R. Marshall, Atlanta, GA, for Debtor.

## ORDER

W. Homer Drake, U.S. Bankruptcy Court Judge

Before the Court is a Motion for Reconsideration (hereinafter the "Motion") filed by Freemon E. Fuller (hereinafter the "Debtor"), acting *pro se*, on August 15, 2016. The Debtor requests that the Court reconsider its Order and Judgment entered on August 12, 2016, wherein the Court concluded that the debt the Debtor owes to Patriot Fire Protection, Inc. (hereinafter, "Patriot") is excepted from discharge pursuant to § 523(a)(6) and denied the Debtor a discharge pursuant to § 727(a)(2) and § 727(a)(4).

## Background

Patriot initiated this adversary proceeding on December 5, 2014. Patriot holds a claim against the Debtor arising from a judgment of the Superior Court of Henry County (hereinafter the "Superior Court") holding the Debtor liable for breach of a non-compete agreement he had entered into with Patriot. In the adversary proceeding, Patriot sought to have this debt excepted from discharge as a debt for willful and malicious injury. It also objected to the Debtor's receipt of a discharge because the Debtor had left information out of his Schedules and had been placing money in his wife's bank account. The proceeding came on for trial on June 28, 2016.

At the beginning of trial, Patriot submitted, as an exhibit, admissions it had obtained by default. On April 20, 2015 (over a year before the trial), Patriot had served a request for admissions on the Debtor. (Req. for Admissions, Trial Exh. 27, at 7). The Debtor never replied to these admissions, so they were deemed admitted as a matter of law. After considering these admissions and the other evidence presented at trial, the Court concluded that the Debtor had caused willful and malicious injury to Patriot, had transferred property with the intent to hinder, delay, or defraud creditors, and knowingly and fraudulently made a false oath or account. Consequently, judgment was entered for Patriot on August 2, 2016. (Doc. No. 37).

On August 15, 2016, the Debtor filed the motion currently before the Court. In his motion, the Debtor lists five reasons why the Court should reconsider its prior decision. First, citing the Sixth Amendment to the United States Constitution, the Debtor maintains that he was denied a fair trial because the judge of the Superior Court was a friend of James Woody Johnson, the President and CEO of Patriot,[1] and be-

---

**1.** The Court assumes that where the Debtor says, "[T]he Plaintiff, then let it be known that he and the judge were good friends," the Debtor is speaking of Mr. Johnson.

cause the Superior Court entered a directed verdict on damages rather than allow the jury to announce a decision. Second, the Debtor claims that his counsel provided ineffective assistance by failing to respond to Patriot's discovery requests and failing to amend the Debtor's Schedules to disclose omitted information. Third, the Debtor asserts that Patriot withheld the fact that Atlanta Area Extinguisher Services (hereinafter "AAES"), which was a co-defendant in the Superior Court action, had sought to have the Superior Court case reheard because AAES contested the Superior Court's jurisdiction. Fourth, citing the Whistleblower Protection Acts of 1989, the Debtor asserts that Patriot is only bringing this adversary proceeding because the Debtor was a witness for the State against Patriot in an investigation involving performing work without a license, and because the Debtor had filed a complaint regarding overtime pay. Finally, citing the Civil Rights Act of 1964, the Debtor alleges that Patriot only brought the breach of contract lawsuit against the Debtor because the Debtor is black, and Patriot has not brought actions against white former employees who have also breached the non-compete agreement.[2]

On August 25, 2016, Patriot responded to the Motion. Patriot argues that the Debtor could have raised these issues in the Superior Court, and that none of them are sufficient to justify amending or altering the Court's judgment. Patriot also emphasizes that ineffective assistance of counsel is not grounds for reconsideration in a civil case.

### Discussion

 "The Federal Rules of Civil Procedure do not specifically provide for reconsideration." *Broyles v. Texas*, 643 F.Supp.2d 894, 897 (S.D. Tex. 2009). However, the Eleventh Circuit has noted that motions for reconsideration are "almost without exception" treated as motions under Rule 59(e). *See Green v. DEA*, 606 F.3d 1296, 1299 (11th Cir. 2010); *see also Woolner v. LaFevor (In re LeFevor)*, 2007 WL 7138342, at *1 (Bankr. N.D. Ga. Mar. 2, 2007) (Massey, J.). That rule, which Federal Rule of Bankruptcy Procedure 9023 incorporates, with some exceptions, into Bankruptcy cases, provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." FED. R. CIV. P. 59(e); *see also* FED. R. BANKR. P. 9023 (requiring that motions for new trial or to alter or amend a judgment must be filed "no later than 14 days after entry of judgment"). In this Court, motions for reconsideration are required to be filed within fourteen days. BLR 9023-1 (requiring motions for reconsideration to be filed "within 14 days of after entry of the order or judgment").

 Rule 59(e) only provides the time within which a motion to alter or amend a judgment must be filed; it provides no guidelines for the consideration of such a motion. Nevertheless, the courts have stepped in to fill this void. In the Eleventh Circuit, "[t]he only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact." *Jacobs v. Tempur–Pedic Int'l, Inc.*, 626 F.3d 1327, 1344 (11th Cir. 2010) (alterations in original) (quoting *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (per curiam)); *accord In re LaFevor*, 2007 WL 7138342, at *1. This means that parties must do more than simply "ask the...court to reexamine an unfavorable

---

**2.** The remainder of the motion refers to a "stipulation" and the curing of a default. As the present proceeding involves neither a stipulation nor the curing of a default, the Court assumes that these sections are part of some "form motion" the Debtor used as the starting point for his own motion, and will not consider them.

ruling," *id.*, and a party may not attempt to raise arguments that were available to it before the judgment was entered, but were not advanced. *See Kellogg v. Schreiber (In re Kellogg)*, 197 F.3d 1116, 1120 (11th Cir. 1999). Instead, a party must show "clear and obvious error where the interests of justice demand correction." *Gold Cross EMS, Inc. v. Children's Hosp. of Ala.*, 108 F.Supp.3d 1376, 1380 (S.D. Ga. 2015). Whether a party has met this burden is left to the sound discretion of the trial court. *See Jacobs*, 626 F.3d at 1343 n.20.

■ Turning to the Debtor's motion, the Court finds no reason to disturb its previous Order and Judgment. The Debtor's allegations of violations of the Sixth Amendment, the Whistleblower Protection Acts, and the Civil Rights Act, as well as his contentions regarding AAES's appeal of the Superior Court's judgment, do not raise any newly discovered evidence or suggest that the Court has committed a manifest error of law. Instead, these assertions represent either independent causes of action the Debtor may have against Patriot,[3] or collateral attacks on the validity of the Superior Court's judgment. In either case, they are not grounds for the Court to reconsider its prior decision. *See generally Cresap v. Waldorf (In re Waldorf)*, 206 B.R. 858, 868 (Bankr. E.D. Mich. 1997) ("[The parties] cannot use the bankruptcy court to appeal the state court judgment.").

■ The Debtor's arguments concerning his attorney's performance are likewise not grounds for reconsideration. To begin with, "there is no constitutional or statutory right to effective assistance of counsel in a civil case." *Mekdeci ex rel. Mekdeci v. Merrell Nat'l Labs., a Div. of Richardson–Merrell, Inc.*, 711 F.2d 1510,

1521 (11th Cir. 1983) (quoting *Watson v. Moss*, 619 F.2d 775, 776 (8th Cir. 1981)). In civil cases, attorneys act as the agents of their clients, and a party cannot "avoid the consequences of the acts or omissions of this freely selected agent." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 634–35, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962); *accord Shuler v. Ingram & Assocs.*, 441 Fed. Appx. 712, 719 (11th Cir. 2011) (per curiam) ("[A] litigant is generally bound by all acts and omissions of his attorney."). Because of this relationship, a party who feels his attorney's conduct has fallen below an acceptable standard may pursue an action for malpractice, but he cannot seek to alter or amend a court's judgment. *See Link*, 370 U.S. at 634 n.10, 82 S.Ct. 1386; *Mekdeci*, 711 F.2d at 1523.

Here, the Debtor alleges that his attorney provided ineffective representation by not responding to the requests for admission and by not amending the Debtor's filed schedules. These allegations, as is the case with all allegations of professional malpractice, are serious. However, asking the Court to reverse its judgment based on these allegations is not the correct avenue for the Debtor to seek relief for any harm caused by his attorney's conduct. Even if the Debtor's attorney provided assistance that fell below acceptable professional standards, the Court could not use that failure as a basis to alter its prior judgment. To do so would serve, as the Supreme Court has phrased it, to "visit[ ] the sins" of the Debtor's attorney on Patriot. *See Link*, 370 U.S. at 634 n.10, 82 S.Ct. 1386. Therefore, the Court will not reconsider its order based on allegations concerning the Debtor's attorney's conduct.

### Conclusion

As the Debtor has failed to present sufficient grounds for altering or amending

---

**3.** The Court makes no comment on the validity of the Debtor's alleged claims, as such a finding is irrelevant to dealing with the Motion.

the Court's Order and Judgment of August 2, 2016, the Motion is hereby **DENIED**.

The Clerk is **DIRECTED** to serve this Order on the Debtor, Patriot, the Chapter 7 Trustee, and the U.S. Trustee.

**IT IS ORDERED.**