[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————————

No. 24-13061

Non-Argument Calendar

————————————————

JUAN FRANCISCO VEGA,

Plaintiff-Appellant,

*versus*

SECRETARY, FLORIDA DEPARTMENT OF CHILDREN
AND FAMILIES,
BEN SLOCUM,
CEO, Recovery Solutions, LLC,
GARAD ANDERSON,
Administrator, Florida Civil Commitment Center,
COURTNEY JONES,
Clinical Director, Florida Civil Commitment Center,

Defendants-Appellees.

2                Opinion of the Court           24-13061

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 2:24-cv-00601-SPC-KCD

_____

Before NEWSOM, GRANT, and ABUDU, Circuit Judges.

PER CURIAM:

Juan Francisco Vega, a civilly committed detainee, appeals the district court's dismissal without prejudice of his *pro se* action brought under 42 U.S.C. § 1983. On appeal, Vega argues the district court abused its discretion by denying his motion for reconsideration in which he argued the district court had overlooked one of his claims in its initial order dismissing his complaint.[1] After careful review, we affirm.

A party may, no later than 28 days after entry of a judgment, move a district court to alter or amend that judgment. Fed. R. Civ. P. 59(e). We review the denial of a motion for reconsideration for abuse of discretion. *United States v. Simms*, 385 F.3d 1347, 1356 (11th Cir. 2004). The abuse of discretion standard of review is deferential, and "there will be occasions in which we affirm the district

---

[1] On appeal, Vega does not challenge the dismissal of his other claims. Accordingly, any issues regarding his other claims are forfeited. *See Irwin v. Hawk*, 40 F.3d 347, 347 n.1 (11th Cir. 1994) (explaining that a litigant abandons an issue by failing to challenge it on appeal).

court even though we would have gone the other way had it been our call." *Rasbury v. IRS (In re Rasbury)*, 24 F.3d 159, 168 (11th Cir. 1994). In other words, "the abuse of discretion standard allows 'a range of choice for the district court, so long as that choice does not constitute a clear error of judgment.'" *Id.* (quoting *United States v. Kelly*, 888 F.2d 732, 745 (11th Cir. 1989)).

"The only grounds for granting a Rule 59 motion are newly-discovered evidence or manifest errors of law or fact." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (quoting *Kellogg v. Schreiber (In re Kellogg)*, 197 F.3d 1116, 1119 (11th Cir. 1999)); *see also PBT Real Est., LLC v. Town of Palm Beach*, 988 F.3d 1274, 1287 (11th Cir. 2021) (same). A party cannot "use a Rule 59(e) motion to re-litigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Vill. of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005).

The district court held Vega's amended complaint failed to state any claims for relief and dismissed it without prejudice. In doing so, it read Vega's complaint to present three claims.[2] In his first claim, Vega contended the staffing levels at the Florida Civil Commitment Center were inadequate. In his second claim, he argued that he was entitled to additional sex offender treatment under *Kansas v. Hendrick*, 521 U.S. 346 (1997). In his third claim, Vega argued that "overly restrictive policies" within the FCCC

---

[2] Our review of Vega's complaint shows that it is somewhat unclear whether Vega intended to present three or four claims.

"control[ed] when and where residents may move throughout the facility," in an unlawful manner.

Vega moved for reconsideration under Rule 59, arguing that the district court failed to consider his fourth claim. In his alleged fourth claim, he contended he was compelled to remain in the recreation yard for one-hour increments without access to urinals and toilets, in violation of the Americans with Disabilities Act. He contended that the state should "allow free movement so that residents may go to the bathroom or install [a] toilet" in the recreational yard.

The district court denied the motion for reconsideration, concluding that this "fourth claim . . . imbedded in his third claim[,]" did not warrant reopening. It also explained that Vega's allegations regarding the denial of his use of the bathroom did not rise to the level of a constitutional violation. In closing, the district court reminded Vega that "the dismissal [had been] without prejudice" so, "[i]f Vega believes a defendant has unreasonably denied him access to a bathroom, he can file a new action." Vega's appeal followed.

We conclude that the district court did not abuse its discretion. The district court correctly determined that Vega's fourth claim was both: (1) related to Vega's third claim regarding overall access to facilities; and (2) did not rise to the level of a constitutional violation.

As to the first point, the district court's order on reconsideration suggests that, while it did not *separately* analyze Vega's fourth

24-13061          Opinion of the Court          5

claim, it had considered those allegations as part of its analysis of Vega's third claim, which it found lacking—and which Vega has not appealed. *Cf. United States v. $242,484.00¸* 389 F.3d 1149, 1154 (11th Cir. 2004) (*en banc*) (explaining that we may "infer[] from a district court's explicit factual findings and conclusion implied factual findings that are consistent with its judgment although unstated"). This discussion shows the district court did not make a "manifest error[] of . . . fact" by overlooking the claim. *Arthur*, 500 F.3d at 1343.[3]

As to the second point, the district court determined that Vega's allegations that he was denied access to the bathroom were significantly less severe than the facts in cases like *Bilal v. GEO Care, LLC*, 981 F.3d 903 (11th Cir. 2020), and *Brooks v. Warden*, 800 F.3d 1295 (11th Cir. 2015), and Vega essentially concedes as much in his appellate brief. Our review of *Bilal* and *Brooks* further confirms that the district court did not make a "manifest error[] of law" in dismissing a viable claim. *Arthur*, 500 F.3d at 1343.

Finally, a dismissal without prejudice is less often an abuse of discretion than a dismissal with prejudice, as a plaintiff can simply refile their action. *Compare Betty K. Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337–38 (11th Cir. 2005) (describing a dismissal with prejudice as "an extreme sanction"), *with Dynes v. Army Air Force Exch. Serv.*, 720 F.2d 1495, 1499 (11th Cir. 1983) ("Although this case does not involve a series of violation of court rules or

---

[3] Vega does not argue that he presented "newly-discovered evidence" in his motion for reconsideration. *Arthur*, 500 F.3d at 134.

pretrial orders, because the case was dismissed without prejudice, we cannot say that the district court abused its discretion."). Here, as the district court explained, if Vega believes he has been unreasonably denied access to the bathroom, he may file a new lawsuit. *See Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505 (2001) (explaining that a dismissal without prejudice does not "bar[] the plaintiff from returning later, to the same court, with the same underlying claim"). The district court did not, however, abuse its discretion in declining to reopen this case. *Rasbury*, 24 F.3d at 168.

**AFFIRMED.**