In re Shahid QURAESHI, Debtor.

Shahid Quraeshi, Debtor, Appellant,

v.

Patricia Dzikowski, Trustee, Appellee.

No. 02–80683–CIV.

United States District Court,
S.D. Florida.

Nov. 22, 2002.

Leslie Scott Osborne, Furr & Cohen, Boca Raton, FL, for Shahid Quraeshi.

Noreen Wiscovitch–Rentas, Dzikowski & Walsh, Fort Lauderdale, FL, for Patricia Dzikowski.

## ORDER AFFIRMING BANKRUPTCY COURT'S ORDER SUSTAINING TRUSTEE'S OBJECTION TO DEBTOR'S CLAIMED HOME- STEAD EXEMPTION

HURLEY, District Judge.

**THIS CAUSE** comes before the court upon the Debtor's appeal from the Order Sustaining Trustee's Objection to Debtor's Claimed Homestead Exemption, dated April 19, 2002, and an order denying the motion for rehearing, dated June 3, 2002, entered by Judge Steven H. Friedman of the United States Bankruptcy Court for the Southern District of Florida. Upon review of the appellate briefs, relevant case law, and argument of counsel, the bankruptcy court's orders will be affirmed.

### BACKGROUND

Shahid Quraeshi filed a voluntary petition under Chapter 7 of the Bankruptcy Code on September 19, 2001. He filed a summary of schedules and schedules on October 25, 2001. Debtor's Schedule A listed that he had an ownership interest in his residence located at 14466 Laurel Trail, Wellington, Fla. On Schedule C, he claimed his residence as a homestead exemption.

On December 20, 2001, Debtor filed a motion for permission to sell his homestead property. On January 10, 2002, the bankruptcy court granted the motion to sell the property free and clear of liens, with liens to attach to the proceeds of the sale. The court's order further authorized the payment of the first and second mortgage, real property taxes, real estate commission and ordinary and necessary closing expenses at the time of closing.

On January 3, 2002, the trustee filed an objection to the Debtor's claim of exemption. The trustee contended that the home was situated upon 2.69 acres of real property in Wellington, which is a municipality. The Florida Constitution, Art. X. Section 4 states that a homestead shall only be exempt to the extent of a one-half ( ½) acre within a municipality.

On March 19, 2002, the bankruptcy court heard argument on the trustee's objection to the claimed exemption. At the time of the hearing, the parties stipulated that the residence sat on 2.69 acres of land, that the property was sold for $760,386.47, and that after the first and second mortgages and closing expenses (totaling $543,498.86) were paid, $216,887.61 remained. The parties further stipulated for the purpose of argument that the subject property was indivisible.

On April 19, 2002, the bankruptcy court entered an order sustaining the trustee's objection to the Debtor's claimed homestead exemption. Based upon the fact that one-half acre constituted 19 percent of the total acreage, the bankruptcy court determined that the Debtor was entitled to 19 percent of the proceeds after all expenses were paid, or $41,208.65 ($216,-887.61 × 0.19). On April 12, 2002, the Debtor filed a motion for rehearing. On

April 25, 2002, the motion was refiled. On May 3, 2002, the trustee filed a response. By order dated June 3, 2002, the bankruptcy court denied the motion for rehearing. The Debtor appeals.

## DISCUSSION

### A. STANDARD OF REVIEW

 This court reviews the bankruptcy court's conclusions of law *de novo*. *See In re Chase & Sanborn Corp.*, 904 F.2d 588, 593 (11th Cir.1990). The bankruptcy court's findings of fact are upheld unless they are clearly erroneous. *See* Fed. R. Bankr.P. 8013; *In re Downtown Properties, Ltd.*, 794 F.2d 647, 651 (11th Cir. 1986). *In re Chase*, 904 F.2d at 588. The district court is not authorized to make independent factual findings, as that is the function of the bankruptcy court. *See In re Sublett*, 895 F.2d 1381, 1384 (11th Cir. 1990). The bankruptcy court's evidentiary rulings are reviewed for abuse of discretion. *See Ad–Vantage Tel. Directory Consultants v. GTE Directories Corp.*, 37 F.3d 1460, 1463 (11th Cir.1994). The bankruptcy court's equitable determinations are reviewed under an abuse of discretion standard. *See In re Red Carpet Corp. of Panama City Beach*, 902 F.2d 883, 890 (11th Cir.1990); *In re Albany Partners, Ltd.*, 749 F.2d 670, 674 (11th Cir.1984).

### B. APPELLANT'S CLAIM

 Debtor raises a single issue on appeal: whether the bankruptcy court erred in applying the legal formula for division of the homestead monies by dividing the proceeds based upon the net price as opposed to the gross sales price.

The Debtor does not challenge the bankruptcy court's ruling that apportionment is appropriate, or that the Debtor is entitled to 19 percent of the claimed homestead, but rather the method by which the lower court calculated the award of 19 percent. The bankruptcy court essentially ruled that the mortgage needed to be satisfied out of the entire proceeds of the sale, not simply the non-exempt portion of the proceeds. Accordingly, Debtor was entitled to exempt only 19 percent of the net proceeds of the sale ($41,208.65), rather than 19 percent of the gross sales price ($144,-473.43).

Debtor contends that based on the liberal nature of the homestead exemption laws and the case law, the bankruptcy court should have taken the entire gross amount of $760,386.47, calculated 19 percent, making the exempt portion $144,473.42. When this amount is subtracted from the total sale price, the remaining balance is $615,913.05. When the cost of the mortgages and taxes are subtracted from that number in the amount of $543,498.86, it leaves a non-exempt portion in the amount of $72,414.19, which would become property of the bankruptcy estate.

The Florida Constitution, Art. 10, § 4 states:

(a) There shall be exempt from forced sale under process of any court, and no judgment, decree or execution shall be a lien thereon, except for the payment of taxes and assessments thereon, obligations contracted for the purchase, improvement or repair thereof, or obligations contracted for house, field or other labor performed on the realty, the following property owned by a natural person:

(1) a homestead, if located outside a municipality, to the extent of one hundred sixty acres of contiguous land and improvements thereon, which shall not be reduced without the owner's consent by reason of subsequent inclusion in a municipality; or if located within a municipality, to the extent of one-half acre of

contiguous land, upon which the exemption shall be limited to the residence of the owner or the owner's family;

. . .

Further, Florida law sets forth the procedure for an individual to claim a homestead after it has been levied upon:

> 222.02. Designation of homestead after levy Whenever a levy is made upon the lands, tenements, mobile home, or modular home of such person whose homestead has not been set apart and selected, such person, or the person's agent or attorney, may in writing notify the officer making such levy, by notice under oath made before any officer of this state duly authorized to administer oaths, at any time before the day appointed for the sale thereof, of what such person regards as his or her homestead, with a description thereof; and the remainder only shall be subject to sale under such levy.

> Fla. Stat. § 222.02.

 "The purpose of Florida's homestead provision is to protect families from destitution and want by preserving their homes." *In re Kellogg,* 197 F.3d 1116, 1120 (11th Cir.1999); *see also Orange Brevard Plumbing & Heating Co. v. La Croix,* 137 So.2d 201, 203 (Fla.1962). "Homestead laws must be liberally construed, but not so liberally that they become 'instruments of fraud, an imposition on creditors, or as a means to escape honest debts.'" *In re Kellogg,* 197 F.3d at 1120 (quoting *Frase v. Branch,* 362 So.2d 317, 319 (Fla.2d Dist.Ct.App.1978)). The homestead provision contains an acreage limitation, an ownership requirement, and a residency limitation. The parties agree that the homestead exemption is limited to a one-half acre, that Debtor is the title owner of the property, and that Debtor and/or his family resided there.

As the trustee points out, there are three exceptions to the homestead exemption, permitting creditors to reach into a Debtor's homestead: (1) taxes and assessments on the property, (2) the mortgages for the purchase, improvement, and repairs of the property, and (3) obligations contracted for the house and for labor performed on the realty. The property at issue was subject to two mortgages at the time of the sale (a first mortgage in the amount of $384,814.15, a second mortgage in the amount of $84,333.75), as well as delinquent ($37,379.86) and current real estate taxes ($9,509.78) and county taxes ($527.62) owed at the time of the sale.

 When a debtor claims as his homestead a residence that sits on land that exceeds the one-half acre allowed for a municipal homestead, the entire parcel is *not* exempt. *See In re Kellogg,* 197 F.3d at 1121. A debtor is entitled to claim any contiguous one-half acre portion of the parcel as exempt, as long as the remaining portion has legal and practical use. *See In re Englander,* 95 F.3d 1028, 1032 (11th Cir.1996). The homestead exemption extends to funds obtained as proceeds from a sale of a homestead, where the debtor intends in good faith to reinvest the proceeds in a new homestead, but only as to the amount of proceeds intended to be reinvested. *See id.; Orange Brevard Plumbing,* 137 So.2d at 206.

In this case, the trustee contends that the property could not have been divided without violating applicable zoning laws. Strangely, the Debtor insists that it never stipulated that the property was indivisible, but only stipulated so for the purpose of this legal argument. In any case, Debtor never litigated whether the property was divisible in the bankruptcy court, and that issue is not relevant on appeal. The bankruptcy court apparently relied upon *In re Kellogg* and *In re Englander* for the

proposition that a debtor may not select the specific portion of his homestead that he wishes to keep, where the property can not practically or legally be subdivided, and therefore the entire parcel must be sold and the proceeds apportioned. While these cases relate to the sale of a debtor's property where the debtor claims a homestead exemption, they do not address the precise issue in this case.

There is apparently no controlling Eleventh Circuit case law or Florida case law dealing with explicitly whether, after a sale of a debtor's property in which only a portion can be claimed as homestead, the debtor's homestead-exempt funds should be calculated as a portion of the net proceeds of the sale (after certain other liens have been paid) or based upon the gross sales price of the entire property. This court therefore must look to the plain language of the Florida Constitution, and relevant federal and state case law interpreting the homestead provision.

The homestead provision specifically excludes a small number of debts—mortgages, real property taxes, repairs to improve the land—that are connected to the real property. The debtor's homestead exemption does not shield a person's assets from those particular creditors. In one bankruptcy case, the court appears to indicate that the homestead exemption is based on the net proceeds. *See In re Wierschem,* 152 B.R. 345, 349 (Bankr.M.D.Fla.1993) ("Because the property is indivisible, the court will permit the trustee to sell the entire real property and divide the proceeds, *after satisfying mortgage and other liens of record and paying the ordinary and necessary costs and expenses of sale and closing,* between the estate and the debtors . . .") (emphasis added).

Neither the parties nor this court has been able to find a single published case wherein a bankruptcy court, following the sale of a debtor's property, apportioned the debtor's homestead funds based on the gross sales price prior to payment of liens such as mortgage liens that are excluded from the homestead provision. Based on the language of the homestead provision, it would seem that a debtor's homestead exemption would extend to a *pro rata* portion of the net proceeds of a sale of debtor's property, based on his acreage share of the property sold, rather than a *pro rata* portion of the gross sales price. As such, only the proceeds remaining after those specific debts are paid qualify as "homestead."

Debtor contends that the case law states that a debtor should be permitted to "carve out" a one-half acre of his real property to designate as his homestead, and that his judgment creditors must look to the non-exempt portion of his real property for repayment of his debts. As such, Debtor argues, he should essentially be permitted to "carve out" his hypothetical, proportionate share of the gross sales price, 19 percent of $760,386.47, leaving the remaining 81 percent for payment of both homestead-excluded liens, such as mortgage liens and property taxes, and non-excluded liens.

Debtor's argument, while certainly creative and conceptually shrewd, lacks any foundation in law. The language in the case law he cites, which speaks of permitting a debtor to "carve out" a one-half acre of land, refers only to cases where it is possible, and legal and practical, for the debtor's real property to be physically partitioned into a homestead-exempt one-half acre (on which the debtor would presumably continue to reside) and a remaining non-exempt portion. In such cases, it would seem that the courts might require all creditors, including homestead-excluded creditors like mortgagees, to first look to the non-exempt parcel for recovery be-

cause there is a societal interest in permitting a debtor and his family, insofar as possible, to remain on his homestead if all of the debts could be repaid from the proceeds of the non-exempt parcel.

However, this is not such a case. The bankruptcy court, with the consent of the Debtor, ordered the sale of the entire property; there was no parcel that could physically be "carved out." The homestead provision specifically excludes certain liens. As such, the gross sales proceeds had to first be used to pay off those excluded liens before any portion of the proceeds could be considered part of the debtor's homestead. Debtor's proposed method of calculation would require the court to calculate a homestead-exempt amount based on assets that are not shielded by the homestead provision, and merely shift the cost of paying off those homestead-excluded debts from him to his personal bankruptcy estate. A reading of the plain language of the homestead provision vitiates the conceptual underpinnings of Debtor's argument.[1]

## CONCLUSION

For the forgoing reasons, the court holds that the bankruptcy court did not err when it apportioned the homestead monies by dividing the proceeds based upon the not price after payment of mortgage and

---

1. Debtor's heavy reliance on the Eighth Circuit case of *O'Brien v. Heggen*, 705 F.2d 1001 (8th Cir.1983) is rather misplaced. Debtor cites this case for the proposition that "a debtor may select his homestead from any contiguous shape on his qualifying lands" and as such the court must apportion the homestead proceeds based on lot size calculated upon the gross proceeds, "with any liens and mortgages to come first from the non-exempt portion of the property." Appellant Reply Br. 4 & 6.

As an initial matter, this court, in interpreting the Florida homestead provision, is hardly

tax liens and the like rather than the gross sales price.

Accordingly, it is hereby **ORDERED** and **ADJUDGED**:

1. The bankruptcy court's order sustaining the trustee's objection to the Debtor's claimed homestead exemption, dated April 19, 2002, and the order denying the Debtor's motion for rehearing, dated June 3, 2002, are **AFFIRMED**.
2. Any pending motions not otherwise ruled upon are **DENIED**, as moot.
3. The Clerk of the Court shall enter this case as **CLOSED**.

bound by a case from another federal circuit interpreting the Minnesota homestead provision and Minnesota case law from almost twenty years ago. Nevertheless, this court would note that the *O'Brien* court specifically rejected the debtor-appellant's argument that the mortgage on his property had to be satisfied first from the non-exempt portion of the sale proceeds where the debtor's property was not physically partitioned, but rather the entire parcel was sold. *See id.* at 1004. For the same reasons, Debtor's argument in this case must be rejected.