**In re Michael Todd BRADLEY and Vicki D. Bradley, Debtors.**

No. 5:01–BK–81522.

United States Bankruptcy Court,
W.D. Arkansas,
Fayetteville Division.

Oct. 29, 2003.

William R. Gibson, Gibson & Hamm, Rogers, AR, for Debtors.

Renee S. Williams, Trustee, Hot Springs, AR, Thomas S. Streetman, Streetman, Meeks & McMillan, Crossett, AR, for Trustee.

## ORDER DENYING MOTION TO RE-CONSIDER AND DETERMINING METHOD OF ALLOCATION OF PROCEEDS

RICHARD D. TAYLOR, Bankruptcy Judge.

Pending before the Court is the trustee's September 24, 2003, motion to reconsider this Court's September 17, 2003, order. The debtors responded to the trustee's motion to reconsider on October 22, 2003. For the reasons stated below, the Court denies the trustee's motion to reconsider.

JURISDICTION

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157, and it is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(O).

MOTION TO RECONSIDER

In this Court's September 17, 2003, order, the Court found that it would determine the procedure for allocation of the proceeds from the sale of the property located in Har–Ber Meadow subdivision [the property] as a matter of law prior to the previously ordered sale of the property. The September 17 order follows two prior orders entered in this case by Judge Robert F. Fussell. On August 21, 2002, Judge Fussell held that the allocation of sale proceeds of the subject property in accord with the debtors' homestead interest would not be determined until after the sale of the property. On October 21, 2002, Judge Fussell denied the debtors' motion to reconsider his August 21 order to determine the allocation of proceeds after the conclusion of the sale of the property. In the October 21 order, Judge Fussell stated, in part, as follows:

> The subject property is indivisible. For the Court to determine how the parties' interests are to be divided is tantamount to assigning an interest in the subject property to the trustee. As the Court stated in its order, "it is clear that the Har–Ber Meadow subdivision covenants and the city of Springdale building ordinances do not allow the subject property to be divided." After the property has been sold, the Court will hold a subsequent valuation hearing to determine the amount to which Debtors are entitled under their homestead exemption.

On September 9, 2003, the Court reconsidered Judge Fussell's orders pursuant to 11 U.S.C. § 105(a), Federal Rule of Bankruptcy Procedure 9024, and Federal Rule of Civil Procedure 60(b)(6), and, in the order dated September 17, 2003, found that the allocation of proceeds could be determined as a matter of law prior to the sale of the property.

The trustee presented three arguments in favor of reconsideration. First, the trustee argues that the two earlier orders by the Court constitute law of the case and this Court lacks jurisdiction to

consider the same question. This Court disagrees. Law of the case is a discretionary doctrine, not a command to the courts. *Little Earth of the United Tribes, Inc. v. United States Dep't of Housing and Urban Dev.*, 807 F.2d 1433, 1440 (8th Cir. 1986). The primary purpose of the doctrine is to prevent the relitigation of settled issues in a case, thus ensuring uniformity of decisions and promoting judicial efficiency. *Id.* at 1441. However, a previously decided issue can be reconsidered if the initial decision was "clearly erroneous and works manifest injustice." *Id.* Additionally, "[a]dherence to the doctrine of the law of the case is discretionary where a prior ruling in the same case is made by another judge." *Spears Carpet Mills, Inc. v. Century Nat'l Bank of New Orleans (In re Spears Carpet Mills, Inc.)*, 86 B.R. 985, 991 (Bankr.W.D.Ark.1987) (citing *ACF Indus., Inc. v. Guinn*, 384 F.2d 15 (5th Cir. 1967)). The Court finds that the prior ruling by Judge Fussell to sell the property before determining the allocation of the proceeds would work a manifest injustice in this instance. Neither side is harmed by knowing up front how the Court will divide the proceeds from a sale of the subject property to ensure that the debtors receive the homestead exemption to which they are entitled.

Second, the trustee argues in her motion to reconsider that the sale of the property may be adversely impacted by determining the allocation of proceeds prior to the sale of the property, in the event that either the trustee or the debtors appeal the Court's determination of allocation of proceeds. The trustee did not present any evidence of an adverse impact at the hearing on September 9, 2003, and, in fact, admitted to the Court that determining the allocation of the proceeds prior to the sale of the property would likely not prejudice either party.

Finally, the trustee argues that judicial economy dictates that the Court not determine how the proceeds would be allocated until after a sale so that an appeal, if one is taken, would finally determine all issues in this litigation. Contrarily, the Court finds that judicial economy is best served by determining the allocation of the proceeds prior to the sale of the property. Accordingly, the Court denies the trustee's motion to reconsider.

ALLOCATION OF PROCEEDS

■ On September 9, 2003, the Court reconsidered and set aside Judge Fussell's finding that the subject property should be sold prior to determining how the parties' interests are to be divided. The Court then gave both parties time to brief the issue of allocation of the proceeds, which the parties have done.

In her brief, the trustee suggests this Court follow the formula used by the United States District Court in the southern district of Florida, as set forth in *Quraeshi v. Dzikowski (In re Quraeshi)*, 289 B.R. 240 (S.D.Fla.2002). In that case, the debtor filed a motion to sell his homestead property, which the bankruptcy court granted. The trustee objected to the debtor's claim of homestead exemption because the home was located on 2.69 acres of land, and the property was indivisible. Under the Florida Constitution, a homestead is limited in size to one-half acre when located within a municipality. Because the half acre constituted 19% of the total acreage, the bankruptcy court found that the debtor was entitled to 19% of the proceeds after all expenses were paid. *Id.* at 241. The only issue on appeal to the district court was whether the bankruptcy court erred in applying the formula for division of the proceeds based on the net price as opposed to the gross sales price. *Id.* at 242. The district court did not determine whether the formula used by

the bankruptcy court to divide the proceeds was proper because it was not before the court.

The debtors suggest this Court follow the formula discussed in an Eighth Circuit case, *O'Brien v. Heggen,* 705 F.2d 1001 (8th Cir.1983).[1] In that case, the debtor's homestead property exceeded the one half acre allowed as a homestead under Minnesota law. With the bankruptcy court's permission, the debtor sold the entire property. He then argued that because the non-exempt portion was "virtually worthless," he should be able to keep the entire proceeds of the sale of the property, less a nominal amount for the non-exempt portion. *Id.* at 1003. The bankruptcy court disagreed and determined the value of the non-exempt portion of the proceeds by valuing the land in its unimproved state, through expert testimony, and then determining the value per square foot. The court then applied that figure as a multiplier to the total number of square feet in excess of the one-half acre homestead limitation to determine the non-exempt portion of the proceeds from the sale. *Id.* at 1004. The Eighth Circuit stated that "[t]his apportionment allows an appropriate recognition of debtor's homestead exemption and yet affords creditors some satisfaction of their rightful claims." *Id.* It also stated that the bankruptcy court's decision was "fully supported by the record, is not clearly erroneous, and is an eminently fair resolution." *Id.*

The Court is more persuaded by statements from the Eighth Circuit regarding the formula used by the Minnesota bankruptcy court than it is by the percentage allocation formula used by the district court in Florida. In *O'Brien,* the bankruptcy court held a hearing on the debtor's claim of exempt property, at which time the debtor argued his position regarding the division of the proceeds. In *Quraeshi,* no similar argument was made by the debtor; rather, the debtor accepted the bankruptcy court's determination that the debtor was entitled to a pro rata percentage of the proceeds from the sale of the property. The Eighth Circuit reviewed the Minnesota bankruptcy court's allocation formula and found it to be an "eminently fair resolution." The *O'Brien* decision recognizes and gives full credence to the debtor's rights in his homestead. The mere fact that indivisible property contains more than the allowable and exempt acreage should not result in a windfall to the trustee to the detriment of the debtor's homestead rights. The Court finds, as a matter of law, that the procedure for allocation of the proceeds from the sale of the subject property shall be according to the formula set forth above and in the *O'Brien* case.

IT IS SO ORDERED

---

1. The debtors also suggested that the Court value the homestead property and the non-exempt property separately, and then give the debtors the opportunity to purchase the non-exempt property after notice to creditors. It is undisputed that the property is indivisible. Therefore, the debtors' suggestion to value the property as two distinct properties is disingenuous, and will not be considered by the Court.